ACCELERATED JOURNAL ENTRY and OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant, Paul Andrews ("appellant"), appeals from the municipal court's decision denying his motion to vacate judgment. In May 2004, the municipal court adopted the magistrate's decision granting the motion for default judgment filed by appellee, Bonnieville Towers Condominium Owners Association ("Bonnieville"), against appellant in the amount of $10,829.48. Appellant did not appeal the decision. Almost one year later, appellant filed a motion to vacate judgment, asserting that he appeared in the action when he faxed a request for a continuance of the default hearing and was entitled to at least seven days notice of the hearing. In his decision, the magistrate overruled appellant's motion, the municipal court adopted the decision, and overruled appellant's objections to the decision. Appellant now appeals.
 {¶ 2} Although appellant cites three assignments of error, only assignments of error two and three will be addressed by this court. Assignment of error one contends that the municipal court erred in issuing a default judgment against him; however, it will not be addressed as it is waived for appellant's failure to timely appeal the decision directly.
 {¶ 3} The gravamen of appellant's appeal is that the municipal court erred in denying his motion to vacate judgment. In particular, he contends that the trial court should have granted him an evidentiary hearing on his motion to vacate judgment and further contends that he met the requirements entitling him to have the default judgment against him vacated. Appellant's contentions are without merit.
 {¶ 4} To prevail on a motion to vacate judgment, the movant must demonstrate that:
 {¶ 5} "(1) the party has a meritorious defense or claim to present if relief is granted;
 {¶ 6} "(2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and
 {¶ 7} "(3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, 151, 351 N.E.2d 113.
 {¶ 8} Moreover, the movant is not automatically entitled to a hearing on the motion, as the movant "must submit factual material which on its face demonstrates the timeliness of the motion, reasons why the motion should be granted and that he has a defense." Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,103, 316 N.E.2d 469.
 {¶ 9} Here, appellant has failed to satisfy the three-prong test. First, appellant's belief that he appeared in the action by faxing a request for a continuance of the default hearing is untenable as he did not respond to the complaint at any time. His request for continuance sent one day prior to the already twice-continued default hearing is not an answer or other response to the complaint. He simply did not appear.
 {¶ 10} Second, appellant cannot complain that his failure to obtain counsel to answer Bonnieville's complaint constitutes excusable neglect, especially when the amount of time between the default judgment and his motion to vacate judgment is lengthy and appellant had the forethought to at least fax the municipal court a request for continuance of the default hearing. Civ.R. 60(B)(1). Appellant's failure to demonstrate grounds for relief from judgment is fatal to his appeal.
 {¶ 11} Finally, although appellant filed his motion to vacate within one year of the municipal court's decision granting default judgment to Bonnieville, it was not filed within a "reasonable time." While a party may have a possible right to file a motion to vacate a judgment up to one year after the entry of judgment, the motion is also subject to the "reasonable time" provision. Id. at 106 ("[i]n other words, a motion may be filed within 1 year under Civil Rule 60(B) but still may not be considered within a `reasonable time.'") Appellant filed his motion to vacate judgment five days prior to the one-year deadline and asserts that the delay was his inability to obtain affordable counsel. That same delay is appellant's cited reason for failing to answer Bonnieville's complaint in the first instance. However, the time period from service of the complaint to the filing of his motion to vacate judgment is almost a year and a half — presumably more than sufficient time to obtain counsel. Thus, the municipal court's decision denying appellant's motion to vacate judgment without an evidentiary hearing should be affirmed as it was not filed within a "reasonable time" despite being filed within one year of default judgment.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., Concurs.
 Karpinski, J., Concurs in Judgment Only.