OPINION
{¶ 1} Appellants, Brandy and James Deweese ("appellants"), appeal from the June 2, 2005 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, overruling their motion for relief from the February 8, 2002 judgment granting legal custody of Kelsey Lynn Weller ("Kelsey") to appellees George and Deborah Weller ("appellees"). For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} The following facts are adduced from the record and the briefs of the parties. Kelsey was born to Mrs. Deweese on March 20, 1996, while Mrs. Deweese resided with appellees, who are Mrs. Deweese's mother and adoptive stepfather. Although Mrs. Deweese was not married to Mr. Deweese at the time of Kelsey's birth, Mr. Deweese is Kelsey's natural father. On September 26, 1996, an administrative order of the Franklin County Child Support Enforcement Agency established Mr. Deweese's paternity and ordered him to pay child support on behalf of Kelsey. Mrs. Deweese and Kelsey lived with appellees until sometime in 2001, when Mrs. Deweese moved out of the appellees' home, leaving Kelsey with appellees.
 {¶ 3} On October 4, 2001, appellees filed a complaint for legal custody of Kelsey. Along with the complaint, appellees filed an ex parte emergency motion for temporary custody of Kelsey, which the trial court granted the same day.
 {¶ 4} On November 12, 2001, appellants and appellees signed an agreed entry in which the parties agreed that appellees would be the legal custodians of Kelsey until further order of the court. The parties agreed that appellants would have supervised visitation due to appellants having issues with drugs and alcohol. It was also agreed that appellants would not pay child support so that they could allocate those funds towards rehabilitation for their substance abuse. At the time the parties signed the agreed entry, appellants were not represented by counsel; however, appellees were represented by counsel. The trial court accepted and journalized the agreed entry on February 8, 2002.
 {¶ 5} Appellants were married on June 18, 2004. On March 21, 2005, they filed, through counsel, a motion for relief from the agreed entry pursuant to Civ.R. 60(B)(4) and (5). In their motion, appellants alleged that the agreement reached on November 12, 2001, was obtained by coercion, fraud, and duress, and that prospective application of the judgment would be inequitable. Specifically, appellants alleged that Mr. Weller threatened to physically harm Mrs. Deweese if she did not sign the agreement, and that Mrs. Weller misrepresented that the agreement was only temporary and would last only until appellants resolved their problems. Appellants alleged that Mr. Deweese objected to the agreement but signed it at request of Mrs. Deweese in order to appease her parents. In addition, appellants asserted that it was inequitable for the judgment to apply prospectively because appellees have hindered appellants from visiting Kelsey since July 2003, and were exploiting the judgment for legal custody as a basis to adopt Kelsey and permanently deprive appellants of their daughter. Appellants represented that the nearly two-year delay in filing their motion was due to difficulty in obtaining counsel.
 {¶ 6} The trial court denied the motion on June 2, 2005. In its judgment entry, the trial court determined that because appellants alleged fraud and duress, Civ.R. 60(B)(5) was inapplicable because the more specific provision of Civ.R. 60(B)(3), applied to such claims, and that the motion was untimely under Civ.R. 60(B)(3). The court also determined that the motion was not filed within a reasonable time frame under Civ.R. 60(B)(4), and, therefore, was untimely under that provision. The trial court noted that appellants were not prohibited from seeking an action to modify custody or enforce visitation rights.
 {¶ 7} Appellants timely appealed the June 2, 2005 judgment, and assert three assignments of error:
Assignment of Error No. 1. The trial court abused its discretion in not granting the 60 B (4) and (5) motion in that the matter does not constitute subject matter jurisdiction for a custody dispute between a grandparent and her own grandchild where there is no death, divorce, or filing for abuse or neglect.
Assignment of Error No. 2. The trial court abused its discretion in not granting the 60 B (4) and (5) motion in that the ex parte order did not make any reference to her waiver of their right to have an adjudication of the issue of unfitness as a natural parent.
Assignment of Error No. 3. The trial court abused its discretion in not granting the 60 B (4) and (5) motion in that the parental alienation exhibited on the face of the record requires equity to prevent a deprivation of the child's right to be raised by her parents. The natural parents justifiably relied on the promises of her own mother and stepfather.
 {¶ 8} Initially, we note that App.R. 12(A)(1)(b) requires us to determine appellants' assignments of error on the merits as set forth in their brief. Appellants' arguments do not precisely correspond with the assignments of error. Consequently, we will consider appellants' arguments only to the extent that the arguments are discernable in conjunction with the assignments of error.
 {¶ 9} A motion for relief from judgment is governed by Civ.R. 60(B), which states in relevant part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *
 {¶ 10} The question of whether a motion for relief from judgment pursuant to Civ.R. 60(B) should be granted is addressed to the sound discretion of the trial court. Rose Chevrolet, Inc.v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. Therefore, our review is limited to whether the trial court abused its discretion. Strack v. Pelton (1994),70 Ohio St.3d 172, 174, 637 N.E.2d 914. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 11} "In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion." Rose Chevrolet at 20, citing GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. These requirements are independent and in the conjunctive. Id. at 151. Therefore, a motion for relief from judgment should be overruled if any of the three requirements are not met. Rose Chevrolet,
at 20.
 {¶ 12} In the first assignment of error, appellants assert that the trial court should have granted their motion for relief from judgment because the trial court lacked subject-matter jurisdiction to grant legal custody of Kelsey to appellees as the case did not involve death, divorce, or allegations of abuse or neglect. In response, appellees assert the agreed entry was valid and appellants contractually relinquished custody of Kelsey to appellees.
 {¶ 13} "Subject-matter jurisdiction is a court's power over a type of case." Pratts v. Hurley, 102 Ohio St.3d 81,2004-Ohio-1980, 806 N.E.2d 992, at ¶ 34. Furthermore, subject-matter jurisdiction "does not relate to the rights ofthe parties, but to the power of the court." State ex rel.Jones v. Suster (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002. (Emphasis sic.) Lack of subject-matter jurisdiction may be raised on appeal. International Lottery, Inc. v. Kerouac (1995),102 Ohio App.3d 660, 665, 657 N.E.2d 820, citing Jenkins v. Keller
(1966), 6 Ohio St.2d 122, 35 O.O.2d 147, 216 N.E.2d 379. Appellants' challenge to the trial court's subject-matter jurisdiction need not be analyzed with reference to the requirements of Civ.R. 60(B) because the authority to vacate a judgment for lack of subject-matter jurisdiction is derived from the inherent power of the court. Patton v. Diemer (1988),35 Ohio St.3d 68, 70, 518 N.E.2d 941; see, also, Fifth Third Bankv. Hatfield, 10th Dist. No. 03AP-175, 2004-Ohio-755 at ¶ 13.
 {¶ 14} Parties cannot confer by consent or agreement subject-matter jurisdiction on a court where subject-matter jurisdiction is otherwise lacking. Fox v. Eaton Corp. (1976),48 Ohio St.2d 236, 238, 2 O.O.3d 408, 358 N.E.2d 536, overruled on other grounds, Manning v. Ohio State Library Bd. (1991),62 Ohio St.3d 24, 577 N.E.2d 650. Thus, if the trial court lacked subject-matter jurisdiction, the agreed entry was void ab initio.Patton, supra, at 70.
 {¶ 15} Appellee's complaint for custody was brought pursuant to R.C. 2151.23(A)(2),[1] which provides in relevant part, "The juvenile court has exclusive original jurisdiction under the Revised Code * * * to determine the custody of any child not a ward of another court of this state[.]" The record does not disclose that, at the time appellees' filed the complaint, Kelsey was a ward of any other court of Ohio. It is true that this case does not involve a death or divorce involving the natural parents of Kelsey, or allegations of abuse or neglect. However, we determine that the trial court did not lack subject-matter jurisdiction because R.C. 2151.23(A)(2) grants exclusive, original jurisdiction to determine the custody of any child not a ward of another Ohio court. Therefore, the trial court had the power to determine custody of Kelsey, including the journalization of the agreed entry. Appellants' first assignment of error is overruled.
 {¶ 16} In appellants' second assignment of error, they assert that the trial court abused its discretion by not granting their motion for relief from judgment because the ex parte temporary custody order did not contain a finding by the trial court that appellants had waived their right to a hearing regarding whether they were unsuitable as parents.
 {¶ 17} We note that appellants' motion for relief from judgment was directed towards the February 8, 2002 agreed entry, not the ex parte temporary custody order issued by the trial court on October 4, 2001. Appellants' motion for relief from judgment stated, "[t]he present motion seeks to set aside the `Agreed Entry' as being void and unconscionable." Generally, issues not raised in the trial court are waived on appeal.Neubauer v. Ohio Remcon, Inc., 10th Dist. No. 05AP-946,2006-Ohio-1481 at ¶ 36, citing State ex rel. Zollner v. Indus.Comm. (1993), 66 Ohio St.3d 276, 278, 611 N.E.2d 830. Because the issue of the ex parte order was not raised in the court below, the issue was waived and we decline to address it. Accordingly, we overrule appellants' second assignment of error.
 {¶ 18} In appellants' third assignment of error, they assert that the trial court abused its discretion by not granting the motion for relief from judgment based on Civ.R. 60(B)(4) and (5) because prospective application of the agreed entry would be inequitable. Specifically, they argue that they were deceived into signing the agreement by appellees' false promises that the arrangement would end when appellants solved their substance and alcohol problems, and that appellees have prevented them from visiting Kelsey. Although appellants acknowledge that the motion for relief from judgment was filed on March 21, 2005, more than a year after the agreed entry, they assert that the delay was reasonable because it was caused by an inability to obtain counsel. In response, appellees assert that it was not an abuse of discretion for the trial court to deny appellants' motion for relief from judgment because four years from the signing of the agreed entry is unreasonable. Additionally, appellees argue that appellants could attempt to achieve the result they seek through a motion to reallocate parental rights.
 {¶ 19} The clause "it is no longer equitable" contained in Civ.R. 60(B)(4) "was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." Knapp v. Knapp (1986),24 Ohio St.3d 141, 24 OBR 362, 493 N.E.2d 1353, paragraph one of the syllabus. A motion seeking relief based on Civ.R. 60(B)(4) must be brought "within a reasonable time." The determination of what constitutes a "reasonable time" is within the discretion of the trial court. In re Watson (1983), 13 Ohio App.3d 344, 348, 13 OBR 424, 469 N.E.2d 876. Appellants assert in their affidavits that appellees have never allowed them to visit Kelsey. Exhibits attached to appellants' motion indicate that appellees began prohibiting appellants from visiting Kelsey in July 2003. Thus, in construing appellants' argument, prospective application of the judgment became inequitable and subjected appellants to circumstances they had no opportunity to foresee or control, at the earliest in February 2002 after the journalization of the agreed entry, and at the latest July 2003. However, appellants did not file the motion to vacate the agreed entry until March 21, 2005. Appellants assert that this delay was caused by a failure to obtain affordable counsel. Filing a motion for relief from judgment three years after judgment and nearly two years after appellees were prohibited visitation, even if due to the failure to obtain counsel, is not filing the motion within a "reasonable time." See Bonnieville Towers Condominium OwnersAssn. v. Andrews, 8th Dist. No. 86868, 2006-Ohio-2219 at ¶ 11
(filing Civ.R. 60(B) motion one and one-half years after judgment due to failure to obtain affordable counsel not filing within a reasonable time).
 {¶ 20} Appellants also assert that they should be granted relief from judgment pursuant to Civ.R. 60(B)(5). However, appellants' contention that they were induced into signing the agreement by appellees and relied on appellees' deceptive promises is essentially a claim for fraud. Relief for fraud, misrepresentation, or other misconduct of an adverse party is granted under Civ.R. 60(B)(3). Civ.R. 60(B)(5), which is intended as a "catch-all" provision to relieve a person from unjust operation of a judgment, is inapplicable when a more specific provision of Civ.R. 60(B) applies. Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365, paragraph one of the syllabus; see, also, Strack, supra, at 174. A motion for relief from judgment based on Civ.R. 60(B)(3) must be filed within one year from the date of judgment. Because appellants' motion was filed three years after judgment was entered granting legal custody to appellees, the trial court did not abuse its discretion by denying appellants' motion based on Civ.R. 60(B)(3), as the motion was untimely under that provision.
 {¶ 21} For the above reasons, the trial court did not abuse its discretion in denying appellants' motion for relief from judgment pursuant to Civ.R. (60)(B)(4) and (5) as the motion was untimely and therefore failed to meet the third prong of theGTE test. Appellants' third assignment of error is overruled.
 {¶ 22} Having overruled appellants' three assignments of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
Petree and Brown, JJ., concur.
[1] See appellees' complaint at ¶ 2 and amended complaint at ¶ 2.