[Cite as *In re Z.H.*, 2017-Ohio-5525.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: | : | |
| | | Case No. 16AP-648 |
| Z.H., | : | (C.P.C. No. 11JU-13248) |
| (Appellee). | : | (ACCELERATED CALENDAR) |

---

D E C I S I O N

Rendered on June 27, 2017

---

**On brief:** *Robert J. McClaren* and *Jenna A. Testa*, for appellee Franklin County Children Services. **Argued:** *Robert J. McClaren.*

**On brief:** *William T. Cramer*, for appellee. **Argued:** *William T. Cramer.*

**On brief:** *Victoria E. Ullmann*, Guardian ad Litem. **Argued:** *Victoria E. Ullmann.*

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch.

KLATT, J.

{¶ 1} Appellant, Victoria E. Ullmann, the guardian ad litem for Z.H., appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, that denied her motion to vacate a judgment ordering Z.H.'s adoptive mother, L.M., to pay child support. For the following reasons, we affirm the appealed judgment.

{¶ 2} In 2006, L.M. adopted Z.H. Unfortunately, serious conflict arose between mother and daughter. In October 2011, Franklin County Children Services ("FCCS") filed a complaint requesting that the trial court find Z.H. to be a dependent child and grant

FCCS temporary custody of her. After an adjudicatory hearing, the trial court granted FCCS the relief requested. The trial court also appointed Ullmann as guardian ad litem and attorney for Z.H.

{¶ 3} Over the next three and a half years, Z.H. oscillated between the temporary custody of FCCS and her mother's care. In the spring of 2015, L.M. sought to relinquish custody of Z.H., and the trial court granted FCCS temporary custody of Z.H. for the last time. Most recently, the trial court has terminated FCCS' temporary custody of Z.H. and placed her in a planned permanent living arrangement.

{¶ 4} On July 1, 2015, FCCS moved pursuant to R.C. 2151.33(B)(2) and 2151.36 for an order directing L.M. to pay child support. R.C. 2151.33(B)(2) states that, prior to the final disposition of a case dealing with an abused, neglected, or dependent child, the trial court must issue an order requiring the parents, guardian, or person charged with the child's support to pay support for the child and to maintain or obtain health insurance coverage for the child. R.C. 2151.36 provides:

> Except as provided in section 2151.361 of the Revised Code, when a child has been committed as provided [in R.C. Chapter 2151] * * *, the juvenile court shall issue an order * * * requiring that the parent, guardian, or person charged with the child's support pay for the care, support, maintenance, and education of the child.

{¶ 5} A hearing on FCCS' motion occurred on August 26, 2015. Only FCCS' attorney attended the hearing. In a judgment issued September 4, 2015, the trial court granted FCCS' motion and ordered L.M. to pay child support.

{¶ 6} On April 14, 2016, Ullmann filed a motion to vacate or modify the child support order. A magistrate reviewed Ullmann's motion and denied it. Ullmann then objected to the magistrate's decision. In a judgment dated August 22, 2016, the trial court overruled Ullmann's objections and adopted the magistrate's decision.

{¶ 7} Ullmann now appeals the August 22, 2016 judgment, and she assigns the following errors:

> I. The trial court abused its discretion in refusing to find that the guardian had a meritorious defense pursuant to R.C. 2151.361 if the 60B [sic] were [sic] granted.

II. The trial court abused its discretion in determining that a transcript was necessary to determine this 60B [sic] motion.

III. The trial court abused its discretion in finding that the guardian failed to comply with the requirements of Civil Rule 60B 1-5 [sic].

IV. The trial court abused its discretion in finding that 7 [sic] months was not a reasonable time in which to file the 60B [sic] motion.

{¶ 8} By her assignments of error, Ullmann argues that the trial court erred in denying her relief from judgment under Civ.R. 60(B). To prevail on a Civ.R. 60(B) motion, a party must demonstrate that: (1) it has a meritorious claim or defense to present if the court grants it relief; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) it filed the motion within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If the moving party fails to demonstrate any of these three requirements, the trial court should overrule the motion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). A trial court exercises its discretion when ruling on a Civ.R. 60(B) motion, and, thus, an appellate court will not disturb such a ruling absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

{¶ 9} We will begin our review by addressing Ullmann's third assignment of error. In that assignment of error, Ullmann argues that the trial court erred in concluding that she failed to establish entitlement to relief under either Civ.R. 60(B)(1) or 60(B)(5). We disagree.

{¶ 10} Civ.R. 60(B)(1) allows a trial court to relieve a party of a judgment on a showing of "mistake, inadvertence, surprise or excusable neglect." Here, Ullmann argues that her failure to attend the support hearing constituted excusable neglect.[1] The

---

[1] In her appellate brief, Ullmann alternatively argues surprise as a ground for relief from judgment. Ullmann waived that argument because she did not raise it in the trial court. *See Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34 (holding that a party waives the ability to raise an argument on appeal when she fails to raise the argument in the court below). We, consequently, will not address it.

Supreme Court of Ohio has defined "excusable neglect" in the negative, stating "that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996), quoting *GTE Automatic Elec., Inc.* at 153. The inquiry into whether a moving party's inaction constitutes excusable neglect must take into consideration all the individual facts and circumstances in each case. *Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980). The trial court's discretion to determine whether excusable neglect exists " 'necessarily connotes a wide latitude of freedom of action * * * and a broad range of more or less tangible or quantifiable factors may enter into the trial court's determination. Simply put, two trial courts could reach opposite results on roughly similar facts and neither be guilty of an abuse of discretion.' " *Peter M. Klein Co. v. Dawson*, 10th Dist. No. 10AP-1122, 2011-Ohio-2812, ¶ 11, quoting *McGee v. C&S Lounge*, 108 Ohio App.3d 656, 661 (10th Dist.1996).

{¶ 11} Ullmann first asserts that she did not appear at the support hearing because "it appeared at the time that she was not supposed to" attend. (Appellant's Brief at 20.) The rules governing the responsibilities of a guardian ad litem contradict Ullmann's belief that she was not supposed to attend the support hearing. Under those rules, "[a] guardian ad litem shall appear and participate in any hearing for which * * * any issues substantially within a guardian ad litem's duties and scope of appointment are to be addressed." Sup.R. 48(D)(4); Loc.R. 27(G)(4) of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. Additionally, Loc.R. 27(I) states that a guardian ad litem "in all cases shall be present at all hearings pertaining to the children."

{¶ 12} In this case, Ullmann "was concerned that the agency was improperly pursuing support against [L.M.] at the time [its] motion was filed and was concerned it would injure [Z.H.]." (May 2, 2016 Objs. to the Mag.'s Decision at 3.) Ullmann's concern that Z.H. would suffer injury arose from her belief that L.M.'s resentment over a support order would alienate L.M. from Z.H. Given this concern, the support hearing implicated Z.H.'s best interests, which Ullmann had the duty to represent. Thus, Sup.R. 48(D)(4) and Loc.R. 27(G)(4) and 27(I) obligated Ullmann's attendance at the support hearing.

{¶ 13} Ullmann next argues that she was not required to attend the support hearing because she only received an e-file notice, rather than official service, of FCCS' motion to set child support. Regardless of how Ullmann received notice, she knew about the support hearing and became concerned that the hearing would result in an order that would injure Z.H. Due to these circumstances, Ullmann had an obligation to attend the hearing. The method by which Ullmann received notice of the hearing does not negate that obligation.

{¶ 14} The trial court found that it could not find excusable neglect where Ullmann failed to appear at a hearing regarding an issue that Ullmann believed would negatively impact Z.H. Ullmann has presented no reason for us to conclude that the trial court abused its discretion in making that finding. Consequently, the trial court did not err in concluding that Ullmann did not demonstrate excusable neglect.

{¶ 15} Civ.R. 60(B)(5) allows a trial court to relieve a party of a judgment for "any other reason justifying relief from the judgment." Here, Ullmann argues that she is entitled to relief from judgment under Civ.R. 60(B)(5) because the support order is void.

{¶ 16} Ullmann incorrectly assumes that proof that a judgment is void justifies relief from judgment under Civ.R. 60(B)(5). The authority to vacate a void judgment arises from the inherent power possessed by Ohio courts, not Civ.R. 60(B). *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus. When a party attempts to vacate a void judgment through a Civ.R. 60(B) motion, courts treat the motion as a common-law motion to vacate the judgment. *Bendure v. Xpert Auto, Inc.*, 10th Dist. No. 11AP-144, 2011-Ohio-6058, ¶ 16. Thus, we will review Ullmann's voidness argument as an independent basis for vacating the support order, and not as a ground for granting relief from judgment under Civ.R. 60(B)(5).

{¶ 17} Ullmann argues that the support order is void because the trial court lacked jurisdiction to enter it. According to Ullmann, the trial court lacked jurisdiction because it wrongly relied on R.C. 2151.36 to order L.M. to pay child support, when it should have instead applied R.C. 2151.361. We are not persuaded.

{¶ 18} Juvenile courts are statutory courts, created by the General Assembly. *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, ¶ 14. As statutory courts, juvenile courts have limited jurisdiction and may exercise only the authority conferred upon them by the

General Assembly. *Id.* Subject to certain inapplicable exceptions, juvenile courts have original jurisdiction to hear and determine a request for an order for the support of a child. R.C. 2151.23(A)(11) and (B)(4). Therefore, the trial court had the jurisdiction necessary to enter the order requiring L.M. to pay child support for Z.H. Any error in applying the wrong statute to set child support rendered the support order voidable, not void. *See State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 12 ("[A] voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous."). The trial court, consequently, did not err in refusing to vacate the support order on the ground that it constituted a void judgment.

{¶ 19} In sum, we reject all Ullmann's arguments under her third assignment of error. We thus overrule Ullmann's third assignment of error.

{¶ 20} We next turn to Ullmann's fourth assignment of error. By that assignment of error, Ullmann argues that the trial court erred in concluding that she did not file her Civ.R. 60(B) motion in a reasonable time. We disagree.

{¶ 21} Civ.R. 60(B) sets forth a two-part test for determining whether the moving party has timely filed a motion for relief from judgment. *GMAC Mtge., LLC v. Lee*, 10th Dist. No. 11AP-796, 2012-Ohio-1157, ¶ 21; *First Fin. Servs., Inc. v. Cross Tabernacle Deliverance Church, Inc.*, 10th Dist. No. 06AP-404, 2007-Ohio-4274, ¶ 54. The moving party must seek relief (1) "within a reasonable time" and (2) "not more than one year after the judgment, order or proceeding" if the moving party relies on one of the grounds listed in Civ.R. 60(B)(1), (2), or (3). Civ.R. 60(B). Thus, while a moving party may have up to one year to file a Civ.R. 60(B) motion, the moving party must also file within a reasonable time. *First Fin. Servs., Inc.* at ¶ 54. Consequently, even if a Civ.R. 60(B) motion is filed within the one-year deadline, a trial court may, nevertheless, deny that motion for failing to meet the reasonable-time requirement. *Id.*; *Lee* at ¶ 21.

{¶ 22} Because the relief provided by Civ.R. 60(B) is equitable in nature, a party must act diligently to receive it. *Lee* at ¶ 23. Whether the moving party has acted with sufficient diligence to file within a reasonable time depends on the facts and circumstances of each case. *Lawson v. Levering*, 10th Dist. No. 09AP-179, 2009-Ohio-4491, ¶ 19. The moving party does not meet its burden of establishing the timeliness of its

motion if it fails to provide any explanation for its delay in filing for Civ.R. 60(B) relief. *First Fin. Servs., Inc.* at ¶ 54. The determination of what constitutes a reasonable time is within the discretion of the trial court. *Lawson* at ¶ 19; *In re Weller*, 10th Dist. No. 05AP-678, 2006-Ohio-3015, ¶ 19.

{¶ 23} Here, the trial court concluded that Ullmann had not filed her Civ.R. 60(B) motion within a reasonable time because Ullmann had concerns about the negative effect of a support order when FCCS initially filed the motion to set support. Despite those concerns, Ullmann waited for over seven months after the entry of the support order to file her Civ.R. 60(B) motion.

{¶ 24} Before the trial court, Ullmann pointed to no facts, and presented no argument, establishing that she filed her Civ.R. 60(B) motion within a reasonable time. On that basis alone we could conclude that Ullmann failed to meet her burden to prove she moved within a reasonable time. Nevertheless, we will review her argument, asserted for the first time on appeal, that she filed timely because she did not know the extent of L.M.'s anger over the support order until March 17, 2016.[2] Based upon her belated discovery of the strength of L.M.'s antipathy toward the support order, Ullmann contends that her motion, filed April 14, 2016, was timely.

{¶ 25} While Ullmann may have only discovered the degree of L.M.'s anger in March 2016, she admittedly developed a concern that a support order would injure Z.H. at the time FCCS filed the support motion. This concern should have stimulated diligent monitoring of the trial court's resolution of the motion and investigation into its effect on L.M. and Z.H. Ullmann, however, admittedly waited until February 2016 to examine the support order and until March 2016 to investigate its effect.[3] Due to Ullmann's failure to diligently act on her concern for Z.H., the trial court found that Ullmann did not file her Civ.R. 60(B) motion within a reasonable time. We cannot conclude that the trial court abused its discretion in reaching that finding. Accordingly, we overrule Ullmann's fourth assignment of error.

---

[2] However, we note that Ullmann's March 9, 2016 report to the court indicates that she had spoken with L.M.'s attorney about the support order, and he had told her that "[L.M.] wants out from under the burdensome order * * * as soon as possible." (Mar. 9, 2016 Report of Guardian ad Litem at 2.)

[3] The trial court issued the support order on September 4, 2015.

{¶ 26} As we stated above, a party moving under Civ.R. 60(B) must demonstrate all three Civ.R. 60(B) requirements in order to obtain relief. *See Rose Chevrolet, Inc.*, 36 Ohio St.3d at 20. We have affirmed the trial court's determination that Ullmann failed to meet two of those requirements. Consequently, our affirmance moots Ullmann's remaining assignments of error, and we will not address them.

{¶ 27} For the foregoing reasons, we overrule Ullmann's third and fourth assignments of error. Our resolution of those assignments of error renders moot the first and second assignments of error. We affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

_____