OPENION
{¶ 1} This is an appeal by defendant-appellant, Wendy W. Clardy ("appellant"), from a judgment of the Franklin County Court of Common Pleas denying appellant's motion to vacate.
 {¶ 2} The following facts are pertinent to this appeal. On June 29, 2004, plaintiff-appellee, Citimortgage, Inc. ("appellee"), filed a complaint for foreclosure, alleging that appellant was in default on a promissory note secured by a mortgage on her residence *Page 2 
("subject property"). The complaint alleged a balance due in the amount of $73,732.30, plus interest and costs. Appellant, pro se, answered the complaint.
 {¶ 3} On August 17, 2004, appellee moved for summary judgment, to which appellant responded on August 24, 2004. The trial court granted appellee's motion, entering judgment in its favor on September 9, 2004. The subject property was sold by sheriff's sale on November 19, 2004, and, on December 16, 2004, the trial court confirmed the sale. No appeal was taken from the decree of foreclosure or from the confirmation of the sheriff's sale.
 {¶ 4} On August 7, 2006, appellant filed a "Complaint in Motion to Vacate A Void Judgment." Therein, appellant indicated:
 Notice is hereby given that Wendy W. Clardy hereby appeals to the Court of Appeals, Tenth Appellate District of Franklin County, Ohio, from the final judgment entry of the Court of Common pleas entered on 9-9-04.
Id. Presumably, due to the above language, the Franklin County Clerk of Courts, Civil Division, docketed appellant's motion as an appeal. In an entry dated August 18, 2006, this court found the matter had been improvidently docketed as an appeal when it should have been docketed as a Civ.R. 60(B) motion in the trial court. Thus, we sua sponte transferred appellant's filing to the clerk for docketing with the trial court.
 {¶ 5} Appellant subsequently filed a "Motion to Vacate a Void Judgment," attacking the trial court's grant of summary judgment to appellee, as well as the proceedings incident to the sale of the foreclosed property. Appellee opposed appellant's motion and, on September 18, 2006, the trial court denied appellant's motion. This appeal timely followed. *Page 3 
 {¶ 6} Appellant asserts the following two assignments of error:
Assignment of Error No. 1:
 Trial Court erred by denying 60(B) in favor of plaintiff as to no material facts were presented, or evidence and defendant has no meritorious defense and motion was untimely when the record presents genuine Issues of material fact that demanded resolution by the defendant as part of affirmative defenses and discovery as stated in defendant's answer dated 7/22/04, and 60(B) motion dated 8/7/06.
Assignment of Error No. 2:
 Trial Court erred by granting summary judgment in favor of the plaintiff and cross-claimant as subject of action and first valid lien junior in priority without serving notice to defendant as part of procedural due process. When the record presents genuine issues of material fact that demanded resolution by the defendant.
 {¶ 7} Appellant's assignments of error all relate to the validity of the judgment for foreclosure and contain allegations that could have been asserted from a timely appeal of that judgment. The timely filing of a notice of appeal under App.R. 4(A), within 30 days of the entry of the judgment or order appealed, is jurisdictional. In this case, appellant failed to appeal from the September 9, 2004 final order and improperly used the Civ.R. 60(B) motion as a substitute for a direct appeal. Doe v. Trumbull Cty. Children Services Bd. (1986),28 Ohio St.3d 128, paragraph two of the syllabus; Rundle v. Rundle (1997),123 Ohio App.3d 304 (concluding that, where a party failed to timely appeal a judgment against him but, instead, used a motion for relief from judgment as a substitute for direct appeal of the judgment, court of appeals lacked jurisdiction to address the merits of the original judgment assigned as error in the appeal from judgment denying motion for relief from judgment); see, also, Citifinancial, Inc. v.Haller-Lynch, Lorain App. No. *Page 4 
06CA008893, 2006-Ohio-6908; Countrywide Home Loans v. Barclay, Franklin App. No. 04AP-171, 2004-Ohio-6359; Guernsey Bank v. Varga, Franklin App. No. 01AP-1129, 2002-Ohio-3336. Although we are sympathetic to the plight of appellant, this court is without jurisdiction to consider the sum and substance of the assignments presented. To the extent appellant challenges the trial court's denial of her Civ.R. 60(B) motion, we find appellant's arguments to be without merit.
 {¶ 8} Based upon the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 BRYANT and FRENCH, JJ., concur. *Page 1