[Cite as *Boddie v. Prisley*, 2013-Ohio-4462.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Howard Boddie, Jr., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 13AP-247 |
| v. | : | (C.P.C. No. 10CVA-11-17348) |
| Michael A. Prisley, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 8, 2013

*Howard Boddie, Jr.*, pro se.

*David A. Goldstein Co., L.P.A.*, and *David A. Goldstein*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Plaintiff-appellant, Howard Boddie, Jr., appeals from a judgment entry entered by the Franklin County Court of Common Pleas that denied his motion for relief from judgment filed pursuant to Civ.R. 60(B)(5). For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} On November 24, 2010, appellant filed a three-count complaint in the trial court against defendant-appellee, Michael A. Prisley, an attorney who represented appellant in a criminal matter. Appellant's complaint generally alleged that Prisley did not provide him with effective assistance of counsel during that representation. After Prisley responded to the complaint with a motion to dismiss and for a more definite

statement, appellant filed an amended complaint in which he included a number of more specific allegations against Prisley.  On January 18, 2011, Prisley timely filed an answer to the amended complaint.

{¶ 3}  Subsequently, on May 6, 2011, Prisley filed a motion for summary judgment, claiming that no genuine issues of material facts existed and that he was entitled to judgment as a matter of law.  Appellant responded by requesting a continuance, pursuant to Civ.R. 56(E), so that he could adequately perform discovery.  He claimed that his numerous court appearances in Franklin County[1] made it impossible for him to prepare his discovery requests in this case.  By a decision and entry filed July 16, 2012, the trial court granted Prisley summary judgment and entered judgment in his favor on all counts of appellant's complaint, terminating the case.  The trial court also specifically denied appellant's requested continuance, concluding that he failed to present sufficient reasons that would justify a continuance.  Appellant did not appeal the trial court's decision.  Instead, on November 7, 2012, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5).  The trial court denied appellant's motion.

## II. The Appeal

{¶ 4}  Appellant appeals and assigns the following error:

> The appellant contends that the trial court violated his statutory and constitutional rights to meaningful access to the courts, due process, and equal protection of law under the 1st, and 14th Amendments to the United States Constitutions, when the trial court denied his Civil Rule 60(B)(5) motion without holding a hearing which constitutes an abuse of discretion, where (3) grounds for relief were supported by operative facts.

## A. Did the Trial Court Abuse its Discretion by Denying Appellant's Motion for Relief from Judgment?

{¶ 5}  In his assignment of error, appellant contends that the trial court erred by denying his motion for relief from judgment. We disagree.  The decision to grant or deny a Civ.R. 60(B) motion rests in the trial court's sound discretion. *Bank of Am., N.A. v. Pandey*, 10th Dist. No. 12AP-950, 2013-Ohio-3830, ¶ 7, citing *Griffey v. Rajan*, 33 Ohio

---

[1] At the time, appellant was incarcerated as a result of the criminal matter.

St.3d 75, 77 (1987).  An appellate court will not reverse such a decision absent an abuse of that discretion. *Id.*

{¶ 6}    The basis for appellant's Civ.R. 60(B) motion was his assertion that the trial court erred by granting summary judgment in favor of Prisley and by denying appellant's Civ.R. 56(F) request for a continuance.  Appellant could have appealed these alleged errors in a direct appeal of the summary judgment decision.  However, appellant did not appeal the trial court's summary judgment decision, and he may not use a Civ.R. 60(B) motion as a substitute for a direct appeal.  *Citimortgage, Inc. v. Clardy*, 10th Dist. No. 06AP-1011, 2007-Ohio-2940, ¶ 7.  Parties may not use a Civ.R. 60(B) motion to argue issues they could have raised in an appeal from the trial court's original judgment.  *Rose v. Zyniewicz*, 10th Dist. No. 10AP-91, 2011-Ohio-3702, ¶ 19; *Wells Fargo Bank, N.A. v. Smith*, 10th Dist. No. 09AP-559, 2009-Ohio-6576, ¶ 11.  The trial court properly denied appellant's motion because it was being used merely as a substitute for a direct appeal.  *Id.* at ¶ 12; *Blount v. Smith*, 8th Dist. No. 96991, 2012-Ohio-595, ¶ 10.

## III.  Conclusion

{¶ 7}    Appellant may not use a motion for relief from judgment as a substitute for an appeal from the trial court's decision to award summary judgment to Prisley.  For that reason, the trial court did not abuse its discretion by denying appellant's motion without a hearing.  We overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

_____