[Cite as *Timmons v. Emch*, 2014-Ohio-3400.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

John Timmons,                                    :

       Plaintiff-Appellant,            :              No. 14AP-146
                                                                (M.C. No. 2011 CVE 045771)
v.                                               :
                                                                (REGULAR CALENDAR)
Paul Emch,                                       :

       Defendant-Appellee.             :

---

D E C I S I O N

Rendered on August 5, 2014

---

*John Timmons*, pro se.

*White, Getgey & Meyer Co., LPA, C. Joseph McCullough* and *David J. Oberly*, for appellee.

---

APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, John Timmons, pro se, appeals from an entry and order of the Franklin County Municipal Court denying appellant's Civ.R. 60(B) motion for relief from judgment. Because the trial court did not abuse its discretion in denying the Civ.R. 60(B) motion, we affirm.

## I. Facts and Procedural History

{¶ 2} On December 5, 2011, appellant filed a complaint against defendant-appellee, Paul Emch, and appellee's insurance company to recover monetary damages for property loss and personal injury following a 2009 automobile accident caused by appellee's alleged negligence. Appellee answered the complaint on January 18, 2012. The trial court granted the insurance company's motion to dismiss the complaint as to the insurance company on February 9, 2012, and the case proceeded between appellant and appellee.

{¶ 3}   On March 12, 2012, appellee filed a motion to compel appellant to comply with discovery requests, alleging appellant had failed to respond to appellee's interrogatories and request for production of documents.   The trial court granted appellee's motion to compel on April 3, 2012 and directed appellant to fully respond to appellee's discovery requests within seven days.  Even after the trial court's April 3, 2012 order, appellant failed to respond to appellee's discovery requests.

{¶ 4}   On May 7, 2012, appellee, still having received no response to his discovery requests from appellant, filed a motion to dismiss appellant's complaint for want of prosecution pursuant to Civ.R. 41(B)(1).  Appellant moved for a continuance of a pretrial hearing on May 14, 2012 which the trial court granted, but appellant failed to respond to the motion to dismiss in any manner.  On May 31, 2012, the trial court granted appellee's motion to dismiss.  Appellant did not appeal the dismissal.

{¶ 5}   On November 1, 2013, more than 17 months after the dismissal of his complaint, appellant filed a Civ.R. 60(B)(4) motion for relief from judgment arguing it would no longer be equitable for the case to be resolved by dismissal.  Appellant argued various medical conditions impacted his ability to timely respond to discovery requests.  After a January 21, 2014 hearing, the trial court denied appellant's Civ.R. 60(B) motion for relief from judgment, concluding appellant failed to present good cause for relief.  The trial court journalized its decision in a January 22, 2014 entry and order.   Appellant timely appeals.

## II. Assignments of Error

{¶ 6}   Appellant asserts two assignments of error for our review:

> 1. The trial court erred when it dismissed the case after granting a continuance for appellant's medical conditions.
>
> 2. The trial court erred when it did not recognize that the presence of cardiac artery disease could have been the reason for the failure to perform.

## III. Standard of Review and Applicable Law

{¶ 7}   To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test.  The movant must demonstrate that: (1) it has a meritorious defense or claim to present if relief is granted, (2) it is entitled to relief under

one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. There will be no relief if the movant fails to satisfy any one of the prongs of the *GTE* test. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶ 8} An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for an abuse of discretion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 7; *Oberkonz v. Gosha*, 10th Dist. No. 02AP-237, 2002-Ohio-5572, ¶ 12. An "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 107 (1995); *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Further, " '[i]f a Civ.R. 60(B) motion is premised upon issues which could have been raised on appeal, a trial court does not abuse its discretion by denying such motion.' " *Nkurunziza v. Nyamusevya*, 10th Dist. No. 11AP-222, 2011-Ohio-6133, ¶ 12, quoting *Caron v. Manfresca,* 10th Dist. No. 98AP-1399 (Sept. 23, 1999).

## IV. First Assignment of Error – Dismissal of Case

{¶ 9} In his first assignment of error, appellant argues the trial court erred when it granted appellee's motion to dismiss. Appellant asserts that because the trial court granted his motion for a continuance and scheduled a pretrial hearing for August 30, 2012, it was error for the trial court to grant appellee's motion to dismiss prior to the date of the pretrial hearing.

{¶ 10} The basis for this assignment of error is that the trial court erred by granting appellee's motion to dismiss pursuant to Civ.R. 41(B)(1) and somehow repeated that error in its denial of appellant's Civ.R. 60(B) motion. Appellant could have appealed the alleged error stemming from the dismissal in a direct appeal of the order granting appellee's motion to dismiss. *See, e.g., Johnson v. H & M Auto Serv.*, 10th Dist. No. 07AP-123, 2007-Ohio-5794, ¶ 7 (noting that, pursuant to Civ.R. 41(B)(3), a dismissal under Civ.R. 41(B)(1) "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies," and is thus a final appealable order). Appellant did not, however, appeal the trial court's dismissal of his case, and "he may not use a Civ.R. 60(B) motion as a substitute for a direct appeal." *Boddie v. Prisely*, 10th Dist. No. 13AP-247,

2013-Ohio-4462, ¶ 6, citing *Citimortgage, Inc. v. Clardy*, 10th Dist. No. 06AP-1011, 2007-Ohio-2940, ¶ 7. It is well-established that a party may not use a Civ.R. 60(B) motion to argue issues it could have raised in an appeal from the trial court's original judgment. *Id.*, citing *Rose v. Zyniewicz*, 10th Dist. No. 10AP-91, 2011-Ohio-3702, ¶ 19; *Wells Fargo Bank, N.A. v. Smith*, 10th Dist. No. 09AP-559, 2009-Ohio-6576, ¶ 11. To the extent the trial court denied appellant's Civ.R. 60(B) motion as an attempted substitute for a direct appeal, the trial court did not err. *Wells Fargo Bank* at ¶ 12. Thus, we overrule appellant's first assignment of error.

## V. Second Assignment of Error – Denial of Civ.R. 60(B) Motion

{¶ 11} In his second assignment of error, appellant asserts the trial court erred in denying his Civ.R. 60(B) motion. More specifically, appellant argues the trial court erred when it failed to conclude appellant's health condition "could have been the reason" appellant failed to respond to discovery requests or otherwise actively participate in the case. (Appellant's Brief, at 3.)

{¶ 12} In his appellate brief, appellant asserts his recently diagnosed coronary artery disease could have caused depression that resulted in his failure to comply with the trial court's order compelling discovery. He asserts he did not learn of his condition until well after the case was dismissed, but that he filed his Civ.R. 60(B) motion promptly upon discovering his medical condition. According to appellant, it is no longer equitable for the trial court to dispose of his case through dismissal because he now has a medical reason for his failure to prosecute and he should be entitled to an opportunity to present the merits of his case.

{¶ 13} Failure to satisfy any one prong of the *GTE* test results in a denial of a Civ.R. 60(B) motion. Because the trial court limited its analysis to the second prong of the test and that prong is dispositive, we will similarly limit our discussion. Appellant's allegations are insufficient to demonstrate he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5) as is required by the second prong of the *GTE* test. Appellant brought his motion for relief from judgment under Civ.R. 60(B)(4), which allows a trial court to grant relief from judgment if "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective

application."  The Supreme Court of Ohio has explained that "[t]he '* * * it is no longer equitable * * *' clause of Civ.R. 60(B)(4) was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control."  *Knapp v. Knapp*, 24 Ohio St.3d 141 (1986), paragraph one of the syllabus.  *See also Cuyahoga Support Enforcement Agency v. Guthrie*, 84 Ohio St.3d 437, 443 (1999) (stating "Civ.R. 60(B)(4) was not meant to offer a party a means to negate a prior finding that the party could have reasonably prevented").

{¶ 14} "Relief under Civ.R. 60(B)(4) must be warranted by events occurring subsequent to the entry of the judgment in question," and "[e]vents which occurred prior to judgment cannot be relied upon as grounds to vacate the judgment pursuant to Civ.R. 60(B)(4)."  *Youssefi v. Youssefi*, 81 Ohio App.3d 49, 52-53 (9th Dist.1991), citing *Old Phoenix Natl. Bank v. Sandler*, 14 Ohio App.3d 12, 13 (9th Dist.1984).  While appellant may have received a formal medical diagnosis after the entry of his dismissal, such formal diagnosis does not negate the fact that appellant's failure to comply with discovery, no matter what the reason, occurred prior to the entry of dismissal of his case.

{¶ 15} Further, appellant does not support his argument with any specific evidence.  "[A] party seeking relief from judgment cannot present 'mere general allegations.' "  *Bank of New York Mellon v. Stefanidis*, 10th Dist. No. 11AP-157, 2011-Ohio-6455, ¶ 12, quoting *Society Natl. Bank v. Val Halla Athletic Club & Recreation Ctr., Inc.*, 63 Ohio App.3d 413, 418 (9th Dist.1989).  Additionally, appellant did not file a transcript of the hearing for our review, so we must accept the facts as stated in the trial court's entry denying his Civ.R. 60(B) motion.  *See Scott v. Scott*, 10th Dist. No. 03AP-411, 2004-Ohio-1405, ¶ 16.  As the trial court stated in its entry and order, appellant "offered no real excuse" as to his failure to comply with discovery requests, and he "has not presented good cause for relief under Civ.R. 60(B)."  (Jan. 22, 2014 Entry and Order, at 1.) Appellant does not point to anything in the record demonstrating that the trial court's conclusion is an abuse of discretion.

{¶ 16} Accordingly, we conclude the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B)(4) motion for relief from judgment.  We overrule appellant's second assignment of error.

## VI. Disposition

{¶ 17} Based on the foregoing reasons, the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion for relief from judgment. Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

SADLER, P.J., and KLATT, J., concur.

————————————