[Cite as *Wells Fargo Bank, N.A. v. Hazel*, 2016-Ohio-305.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Wells Fargo Bank, N.A., | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-93 |
| v. | : | (C.P.C. No. 10CV-9874) |
| Karin Hazel, et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

# D E C I S I O N

## Rendered on January 28, 2016

*Thompson Hine, LLP, Scott A. King* and *Terry W. Posey,* for appellee.

*Karin Hazel,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendants-appellants, Karin Hazel, et al. ("Hazel"), pro se appeals from a judgment of the Franklin County Court of Common Pleas sustaining plaintiff-appellee's, Wells Fargo Bank N.A. ("Wells Fargo"), objections to the magistrate's decision and denying Hazel's Civ.R. 60(B) motion for relief from judgment. For the following reasons, we affirm.

{¶ 2} The procedural history and the facts of this action were sufficiently stated in our prior case, *Wells Fargo Bank N.A. v. Hazel,* 10th Dist. No. 11AP-1061, 2012-Ohio-5770 *("Hazel")*. In *Hazel,* we reversed the judgment of the trial court in adopting the magistrate's decision in favor of Hazel and remanded the case for the trial court "to

consider [Wells Fargo's] objections and to determine whether [Hazel] complied with Civ.R. 9(C)."[1]

{¶ 3}   Civ.R. 9(C) states:

> In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.   A denial of performance or occurrence shall be made specifically and with particularity.

{¶ 4}   The trial court followed our instructions and found that because Hazel's:

> [G]eneral denial did not specifically controvert the plaintiffs claim that it had complied with all the conditions precedent to foreclosure it was insufficient to satisfy the Civ.R. 9(C)'s requirement that denial of a condition precedent be raised specifically and with particularity. * * * The effect of Hazel's failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted. * * * Since Hazel's answer was insufficient to put the plaintiffs compliance with the HUD regulations at issue in the case, the Court finds that she has not established that she has a meritorious defense to present if relief is granted. Accordingly, her motion for relief from judgment is not well-taken.

(Decision 4-5.)

## I.  ASSIGNMENTS OF ERROR

{¶ 5}   Hazel appeals, assigning the following errors:

> [I.] Where a defendant fails to meet all conditions precedent can it be deemed as a matter of law where the court lacks jurisdiction to entertain the complaint.
>
> [II.] The affirmative defense of failure to meet HUD regulations as presented by Motion pursuant to Civ.R. 12(B) is not waived.

## II. FIRST AND SECOND ASSIGNMENTS OF ERROR—THE LAW OF THE CASE DOCTRINE—NO ABUSE OF DISCRETION

---

[1] Hazel appealed our prior decision to the Supreme Court of Ohio in case No. 2013-0397.   On May 22, 2013, the Supreme Court of Ohio declined jurisdiction, and on June 3, 2013, denied Hazel's motion for reconsideration.

{¶ 6}   A trial court exercises its discretion when ruling on a Civ.R. 60(B) motion, and, thus, an appellate court will not disturb such a ruling on appeal absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987); *Boddie v. Prisley*, 10th Dist. No. 13AP-247, 2013-Ohio-4462, ¶ 5.   We note that Hazel's assignments of error do not directly address whether or not the trial court properly considered and decided the issue of compliance with Civ. R. 9(C).

{¶ 7}   Under normal circumstances, *Hazel* would be law of the case.   As we recently stated in *State v. Monroe*, 10th Dist. No. 13AP-598, 2015-Ohio-844, ¶ 29:

> The law of the case is a longstanding doctrine in Ohio jurisprudence. "[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 11 Ohio B. 1, 462 N.E.2d 410 (1984). "The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979).

In the present case, the court finds the dissent's arguments persuasive. However, in order to ensure consistency of results, and to avoid endless litigation, the court is inclined to follow the law of the case doctrine.

{¶ 8}   Therefore, our review shows that the trial court, in light of our rationale in *Hazel,* followed our instructions on remand.   We find that the trial court did not abuse its discretion in finding that Hazel did not comply with Civ.R. 9(C), and thereby sustaining Wells Fargo's objections to the magistrate's decision, and denying Hazel's Civ.R. 60(B) motion for relief from judgment.   As such, Hazel's two assignments of error are overruled.

## III.  DISPOSITION

{¶ 9}   Having overruled Hazel's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, J., concurs.
BRUNNER, J., dissents.

BRUNNER, J. dissenting.

{¶ 10} I would reverse the decision of the trial court sustaining plaintiff-appellee Wells Fargo Bank N.A.'s ("Wells Fargo") objections to the magistrate's decision and denying defendant-appellant Karin Hazel's, pro se, Civ.R. 60(B) motion for relief from judgment. In doing so, I would overrule our prior decision in this action, *Wells Fargo Bank, N.A. v. Hazel*, 10th Dist. No. 11AP-1061, 2012-Ohio-5770, and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 11} The procedural history and the facts of this action are stated in *Hazel*. However, I believe it is important to reiterate the facts that are relevant to this opinion. Wells Fargo filed this foreclosure action on July 6, 2010. The only documents Wells Fargo attached to the complaint were copies of the note and mortgage. Wells Fargo's complaint for foreclosure included a pleading that:

> The mortgage was filed for record on March 23, 2009, in instrument No. 200903230040172, of the county recorder's records. The conditions of defeasance contained therein have been broken; *plaintiff has complied with all conditions precedent*; and plaintiff is entitled to have said mortgage foreclosed.

(Emphasis added.) (Complaint, ¶ 3.) Hazel answered this (like every other allegation) with, "Defendant is without information sufficient to form a belief as to the truth or accuracy of the allegations as set forth in Paragraph 3 of Plaintiff's complaint, and therefore denies same." (Answer, ¶ 3.) Though Hazel set forth affirmative defenses, none of them specifically asserted that Wells Fargo had failed to comply with any conditions precedent to foreclosure.

{¶ 12} On September 20, 2010, the trial court entered summary judgment in favor of Wells Fargo finding there were no genuine issues of material fact and that Wells Fargo was entitled to judgment as a matter of law. On October 13, 2010, Hazel filed a motion to vacate judgment pursuant to Civ.R. 60(B). In the motion to vacate, Hazel argued that Wells Fargo did not aver or provide evidence verifying any signed certified mail receipt of default and accelerations notice as required by United States Department of Housing and Urban Development ("HUD") regulations pursuant to 24 C.F.R. 201.50(b). Hazel had

also previously averred that she never received a certified mail notice. The trial court referred the motion to a magistrate, who heard the matter on June 8, 2011.

{¶ 13} The magistrate, on July 11, 2011, entered a decision and entry granting Hazel's motion to set aside the judgment. The magistrate found that the motion was timely and that Hazel established excusable neglect for failing to respond to Wells Fargo's summary judgment motion. The magistrate also found that Hazel had established "a plausible meritorious defense claiming that [Wells Fargo] did not comply with" HUD regulations pursuant to 24 C.F.R. 201.50—specifically, Hazel's assertion that Wells Fargo did not serve notice of acceleration via certified mail. (Magistrate's Decision, 3.) Wells Fargo filed objections to this finding. Wells Fargo did not argue that it had complied with 24 C.F.R. 201.50. Instead, Wells Fargo argued, as it had previously argued in its memorandum contra Hazel's motion to vacate, and at the hearing before the magistrate, that because Wells Fargo had alleged in its complaint that it had complied with all conditions precedent, Hazel had waived such a meritorious defense as she did not assert it with particularity and specificity in her answer. On November 2, 2011, the trial court adopted the magistrate's decision.

{¶ 14} In this case, the contract document (the note) and the mortgage document subject the holder's rights upon default to applicable HUD regulations. The note provides under "Borrower's Failure to Pay," section "(B) Default," in relevant part, that:

> If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest * * * In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

(Complaint, exhibit A.)

{¶ 15} The mortgage contains similar language. Under section nine, captioned "Grounds for Acceleration of Debt," the mortgage provides that, "Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require

immediate payment in full." (Complaint, exhibit B, 4.)   Subsection (d) of that section, entitled "Regulations of HUD Secretary," provides that:

> In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(Complaint, exhibit B, 5.)

{¶ 16} Nothing in the complaint, or its attachments, i.e., the note or mortgage, specifically states what conditions precedent Wells Fargo was required to satisfy prior to foreclosure.  Likewise, nothing in these attachments specifically alerts the reasonable homeowner to the conditions precedent required by HUD regulations and where such conditions precedent are to be found.  The homeowner was not even notified that the HUD regulations contain conditions precedent that the lender must comply with prior to filing the foreclosure action.

{¶ 17} In *Hazel*, we reversed the judgment of the trial court in adopting the magistrate's decision in favor of Hazel and remanded the case for the trial court "to consider [Wells Fargo's] objections and to determine whether [Hazel] complied with Civ.R. 9(C)." *Id.* at ¶ 15.  The trial court, left with no other alternative under our decision, followed our instructions in *Hazel* and found that because Hazel's:

> [G]eneral denial did not specifically controvert the plaintiff's claim that it had complied with all the conditions precedent to foreclose it was insufficient to satisfy the Civ.R. 9(C)'s requirement that denial of a condition precedent be raised specifically and with particularity. The effect of Hazel's failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted. Since Hazel's answer was insufficient to put the plaintiff's compliance with the HUD regulations at issue in the case, the Court finds that she has not established that she has a meritorious defense to present if relief is granted. Accordingly, her motion for relief from judgment is not well-taken.

(Citations omitted.) (Jan. 14, 2015 Decision 4-5.)

{¶ 18} In other words, having failed to specifically deny the satisfaction of conditions precedent with particularity as set forth in Civ.R. 9(C), the trial court, in following our instructions in *Hazel*, concluded that Hazel was deemed to have admitted

that Wells Fargo satisfied all conditions precedent to foreclosure based on Wells Fargo's general allegation to that effect, even when those conditions, established by HUD regulations and not specifically contained in either the note or mortgage, were not specifically or with particularity denied.  In other words, our instructions and ruling in *Hazel* were that Wells Fargo did not need to plead in its complaint with particularity, but Hazel had to defend by affirmatively and with particularity denying matters not pled with specificity.

## II. ASSIGNMENTS OF ERROR

{¶ 19}  Hazel's assignments of error from the trial court's decision are:

> [I.] Where a defendant fails to meet all conditions precedent can it be deemed as a matter of law where the court lacks jurisdiction to entertain the complaint.

> [II.] The affirmative defense of failure to meet HUD regulations as presented by Motion pursuant to Civ.R. 12(B) is not waived.

## III. DISCUSSION

{¶ 20}  I would address Hazel's second assignment of error first.

### A. Second Assignment of Error – Whether Hazel Waived the Argument that Wells Fargo Failed to Satisfy Conditions Precedent

{¶ 21}  Hazel's arguments do not expressly address whether or not the trial court properly considered and decided the issue of compliance with Civ.R. 9(C).  However, I find it necessary to address that issue when considering whether the "affirmative defense of failure to meet HUD regulations" was waived, as asserted in the second assignment of error.  Accordingly I consider that question and, in so doing, find that we should reverse *Hazel*.

#### 1. The Trial Court's Decision as a Result of *Hazel*

{¶ 22}  Civ.R. 9(C) provides:

> In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.

{¶ 23} In this case, Wells Fargo in its complaint for foreclosure pled that, "plaintiff has complied with all conditions precedent; and plaintiff is entitled to have said mortgage foreclosed." (Complaint, ¶ 3.) Nowhere did the complaint or attachments thereto list the conditions precedent to foreclosure and, other than this general allegation, Wells Fargo has never argued that it complied with, for example, the requirements precedent to foreclosure set forth by 24 C.F.R. 201.50(b). *See also BAC Home Loans Servicing v. Taylor*, 9th Dist. No. 26423, 2013-Ohio-355, ¶ 14 (collecting cases and holding that "if the terms of the note and mortgage subject it to HUD regulations regarding default and acceleration, then a homeowner may use a servicer's failure to comply with those regulations to defend a foreclosure action"); *CitiMortgage, Inc. v. Ferguson*, 5th Dist. No. 2006CA00051, 2008-Ohio-556, ¶ 33 (holding that the plaintiff's failure to offer evidence that it followed the notice requirements of 24 C.F.R. 201.50(b) created a genuine issue of fact, rendering the matter inappropriate for summary judgment).

{¶ 24} Hazel answered allegations of the complaint concerning this and other allegations with, "Defendant is without information sufficient to form a belief as to the truth or accuracy of the allegations as set forth in Paragraph 3 of Plaintiff's complaint, and therefore denies same." (Answer, ¶ 3.) Because Hazel's affirmative defenses did not deny the satisfaction of specific conditions with particularity pursuant to Civ.R. 9(C) demonstrating that Wells Fargo had failed to comply with any conditions precedent to foreclosure, in keeping with our instructions in *Hazel*,[2] the trial court concluded that Hazel was deemed to have admitted that Wells Fargo satisfied all conditions precedent to foreclosure. *See Triangle Properties v. Homewood Corp.*, 10th Dist. No. 12AP-933, 2013-Ohio-3926, ¶ 71 (noting that the effect of a failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted); *Natl. City Mtge. Co. v. Richards*, 182 Ohio App.3d 534, 2009-Ohio-2556, ¶ 21 (10th Dist.) (holding that conditions precedent to foreclosure actions can be governed by Civ.R. 9(C) when they are contained within the mortgage or note).

---

[2] In reaching this holding, the trial court relied on our instruction in *Hazel,* which overruled the trial court's prior decision in favor of Hazel and directed it "to consider [Wells Fargo's] objections and to determine whether [Hazel] complied with Civ.R. 9(C)." *Id.* at ¶ 15.

{¶ 25} However, reading Civ.R. 9(C) in pari materia with the other civil rules and considering the historical precedent and origins of Civ.R. 9(C), I would conclude that our instruction to the trial court was in error and that *Hazel* must be revisited.

### 2. History of Civ.R. 9(C)

{¶ 26} The predecessor to Civ.R. 9 is former R.C. 2309.37. Prior to the adoption of the Ohio Rules of Civil Procedure, R.C. 2309.37 provided:

> In pleading the performance of conditions precedent *in a contract* it is sufficient to state that the party performed all the conditions on his part. If such allegation is controverted, the party pleading must establish, on the trial, the facts showing such performance.

(Emphasis added.) R.C. 2309.37 (1953). Its predecessors were, apart from minor stylistic differences, identical. G.C. 11339 (1930); Ohio Civil Code, Section CXXI (Swan 1854).

{¶ 27} One notable aspect all the predecessor sections to modern Civ.R. 9(C) have in common is that the conditions precedent they address are conditions precedent "in a contract." R.C. 2309.37 (1953); G.C. 11339 (1930); Ohio Civil Code, Section CXXI (Swan 1854). Although the modern version of Civ.R. 9(C) no longer contains the phrase "in a contract," there is no other indication that the omission was intended to change the general import of the section. For example, the staff notes to Civ.R. 9(C) read:

> Rule 9(C) abolishes the old common law technicalities concerning the allegation of conditions precedent and in that sense the rule is very similar to § 2309.37, R.C.

Moreover, the civil rules first became effective on July 1, 1970. Civ.R. 86(A). The first edition of McCormac's Ohio Civil Rules Practice (published in 1970 with the first edition of the Ohio Civil Rules) includes a section on pleading conditions precedent, which does not suggest that Civ.R. 9(C) was intended to apply outside of the contract context:

> It is sufficient to plead generally that all conditions precedent have been performed or have occurred. This rule is similar to the Federal Rule and to an Ohio statute. The rule makes clear the fact that denial of performance of a particular condition precedent must be made specifically and with particularity. The reason is that sometimes there are many conditions precedent, *particularly in insurance contracts*, and usually most of the conditions precedent are not in issue. If the defendant seeks to challenge the performance of one or more

> conditions precedent, he should do so specifically and with particularity.
>
> Frequently, plaintiff may be uncertain as to whether he can prevail on the grounds that the condition precedent was performed or because it was waived. Since both waiver and performance of conditions precedent can be alleged generally and alternative pleading is permitted, plaintiff may allege that all conditions precedent have been performed, have occurred or have been waived. The burden will then be on defendant to challenge any particular condition precedent.

(Emphasis added.) McCormac, Ohio Civil Rules Practice, Section 5.11 (1st Ed.1970).

{¶ 28} The present version of Civ.R. 9(C) does not explicitly limit itself to conditions precedent set forth in contracts. However, all its historical predecessors, through the very earliest Ohio statutes, did contain such a limitation. The materials commenting on the creation of the Rules of Civil Procedure show that Civ.R. 9(C) was intended to be "very similar" to its statutory predecessors. Civ.R. 9(C), staff notes; *see also* McCormac, Ohio Civil Rules Practice, Section 5.11 (1st Ed.1970). Clearly, history demonstrates that Civ.R. 9(C) was principally intended for use in the context of contract actions. The other civil rules as well as the very concept of notice pleading support this view.

### 3. Whether, Notwithstanding Civ.R. 9(C)'s Permission to Plead "Generally," Allegations that Fail to Put the Defendant on Notice of What is Alleged in Violation of Civ.R. 8(A) Can be Deemed Admitted

{¶ 29} The corpus Ohio Civil Rules is "not a compendium of isolated rules; rather it is an integrated whole involving an interrelated series of procedural steps from commencement of the action through the entering of judgment." McCormac, Ohio Civil Rules Practice (1st Ed.1970) (Foreword by Professor Stanley Harper, Staff Director, Rules Advisory Committee). Accordingly, the Supreme Court of Ohio reads the civil rules in pari materia with each other. *See, e.g.*, *Parrish v. Jones*, 138 Ohio St.3d 23, 2013-Ohio-5224, ¶ 21; *Thomas v. Freeman*, 79 Ohio St.3d 221, 225 (1997). Thus, Civ.R. 9(C), a rule regarding pleading, is to be read in the context of the other pleading rules, including Civ.R. 8(A)'s notice pleading provisions.

{¶ 30} Ohio has long been a notice-pleading state. As this court stated in *Leichliter v. Natl. City Bank,* 134 Ohio App.3d 26, 31 (10th Dist.1999):

> Civ.R. 8(A) sets forth the necessities for pleading a claim for relief and provides in relevant part: "A pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." The purpose of Civ.R. 8(A) is to give the defendant fair notice of the claim and an opportunity to respond. *Fancher v. Fancher* (1982), 8 Ohio App. 3d 79, 83, 455 N.E.2d 1344.

Accordingly, "an appellate court will not consider conclusions that are not supported by factual allegations in the pleading because such conclusions cannot be deemed admitted and are insufficient to withstand a motion to dismiss." *Arms Trucking Co. v. Fannie Mae*, 11th Dist. No. 2014-G-3186, 2014-Ohio-5077, ¶ 22, citing *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989); *Silverman v. Roetzel & Andress, L.P.A.*, 168 Ohio App.3d 715, 2006-Ohio-4785, ¶ 6 (10th Dist.); *see also Hickman* at 324 ("Unsupported conclusions of a complaint are not considered admitted."). In short, the purpose of pleading is to put the other party on notice of the substance of the claims and give them an opportunity to respond. *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, ¶ 13. If the allegations are not factual, but merely hollow legal conclusions, the other party is not on notice, and a party cannot be deemed to have admitted an allegation that failed to put the party on notice as to what it was admitting. *See, e.g., Hickman* at 324.

{¶ 31} Civ.R. 9(C) and its predecessor statutes have historically provided a short-cut for persons filing suit in contract that was nonetheless consistent with the principles of notice pleading. That is, they allowed general pleading of contract conditions, because all parties to a contract already know (and thus already have "notice of") the conditions of the contract, and so, more specificity in a complaint is not required. *See* R.C. 2309.37 (1953); G.C. 11339 (1930); Ohio Civil Code, Section CXXI (Swan 1854). In that scenario the party challenging the contract was deemed to be in the best position to specifically state which conditions he or she believed were unsatisfied. McCormac, Ohio Civil Rules Practice, Section 5.11 (1st Ed.1970). In other words, all parties to a typical contract already have notice about what the conditions precedent are (and thus a general allegation is sufficient) and only the party claiming a failure of conditions knows which conditions have allegedly gone unsatisfied (thus justifying a specific denial). While this pleading model is cogent in

the typical contract scenario, in actions for foreclosure on a mortgage that has been secured by a note, it is neither sensible nor equitable.

{¶ 32} In *U.S. Bank Natl. Assn. v. George*, 10th Dist. No. 14AP-817, 2015-Ohio-4957, we noted the differences between a note and a mortgage and stated that "[i]t is well-recognized that actions in foreclosure arise in equity." (Citations omitted.) *Id.* at ¶ 13. In foreclosure we have recognized that "a determination of liability under the note is a prerequisite to enforcement of the mortgage itself because a mortgage is but an incident to the debt it secures." (Citation omitted.) *Id.* at ¶ 10. The relevant HUD requirements relate first and foremost to the note, as part of the contract, but they are not specifically stated in either the note or the mortgage. Thus, in the foreclosure context, unlike the typical contract scenario, the defendant, who is often pro se, is frequently not placed on notice of the conditions precedent by a general and conclusory allegation such as occurred in the complaint here, and the defendant is therefore not adequately situated to specifically and particularly deny such conditions. Under the principle of notice pleading, the defendant cannot be deemed to have admitted a fact of which the defendant had no notice. Civ.R. 9(C) therefore cannot be applied consistently with Civ.R. 8(A) in the foreclosure context when conditions precedent are not contained wholly within a stated contract (note) or referenced in a mortgage document, or are not alleged with enough specificity in the complaint to put the defendant on notice. In this case, the vague references to HUD regulations in the note and mortgage, when nothing indicated that the HUD regulations contain or create conditions precedent, let alone what those conditions might be, was not sufficient to place Hazel on notice as to the nature of the conditions precedent. Without notice, her failure to deny with specificity and particularity should not, consistent with notice pleading and Civ.R. 8, be deemed to result in an admission.

{¶ 33} This view of Civ.R. 9(C) is also supported by some of the case law of this and other districts. That is, in *Richards*, we held that Civ.R. 9(C) had potential applicability in the mortgage foreclosure context but expressly limited that holding. *Id.* at ¶ 21. In *Richards* we said, " '[w]here prior notice of default and/or acceleration *is required by a provision in a note or mortgage instrument*, the provision of notice is a condition precedent,' and it is subject to the requirements of Civ.R. 9(C)." (Emphasis added.) *Id.,* quoting *First Fin. Bank v. Doellman*, 12th Dist. No. CA2006-02-029, 2007-Ohio-222,

¶ 20.  That is, in *Richards* we applied Civ.R. 9(C) to conditions precedent in a foreclosure action when the conditions in question were "*required* by a *provision in a note or mortgage instrument.*" (Emphasis added.)  *Id.*   Indeed in *Richards*, the condition precedent at issue was set forth explicitly in both the note and the mortgage.  *Id.* at ¶ 16-17; *see also U.S. Bank Natl. Assn. v. Martz*, 11th Dist. No. 2013-P-0028, 2013-Ohio-4555, ¶ 17-22 (where conditions were set forth in the mortgage).  Here, unlike in *Richards*, the matter under review concerns an FHA loan with conditions precedent provided by HUD regulations that were not stated in the complaint or the note or mortgage.  As such, *Richards* is factually distinct from the present case and wholly consistent with the intent and purposes of notice pleading and Civ.R. 9(C).

{¶ 34}  Wells Fargo did not plead any facts whatsoever in order to support the legal conclusion that "plaintiff has complied with all conditions precedent."   There is no indication that prior to discovery Hazel had any idea what the conditions precedent to foreclosure were, including the HUD compliance issues she eventually raised, since they are not plainly disclosed by the note contract document and mortgage appended to the complaint.  I would find that Hazel cannot fairly be deemed to have admitted Wells Fargo's unsupported conclusion of law, even though Hazel failed to specifically and particularly deny conditions precedent in her answer.  Simply put, Hazel could not have been deemed to have admitted an allegation that failed to put her on notice of what she was admitting when she denied it generally and not with particularity.

### 4. Civil Rule 10(D)(1)

{¶ 35}  Civ.R. 9(C)'s limitations are further clarified by the fact that Civ.R. 10(D) required Wells Fargo to attach its contract with Hazel to the complaint. Civ.R. 10(D)(1) states:

> When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading.

" 'The purpose of the requirement to attach an account [or other written instrument] imposed by Civ.R. 10(D) is to exemplify the basis of the particular claim for relief alleged, in order to confine the issues in the action to matters related to the course of dealings

between the parties the attachment portrays.' " *GMAC Mtge., L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, ¶ 49 (2d Dist.), quoting *Asset Acquisitions Group L.L.C. v. Gettis*, 186 Ohio App.3d 586, 2010-Ohio-950, ¶ 14.

{¶ 36} In this case, Wells Fargo's claim in contract on the note and for enforcement in foreclosure is founded on written instruments, that is, the note and mortgage which, pursuant to Civ.R. 10(D)(1), it attached to the complaint.[3] However, Wells Fargo also claimed that it "complied with all conditions precedent." The conditions precedent were not set forth in the terms of the contract or the mortgage (and thus cannot be fairly deemed to have been pled or admitted under Civ.R. 8 and 9). Rather, the note and mortgage merely made vague reference to HUD regulations. Even if Wells Fargo were to assert that the conditions precedent were incorporated by reference to HUD regulations, in order to take advantage of Civ.R. 9(C), Wells Fargo would have needed first to comply with Civ.R. 10(D) and attach the documents that are the basis of its claim–including terms set down elsewhere that are incorporated by reference. In other words, Wells Fargo having made a "claim," was required by Civ.R. 10(D)(1) to "attach to the pleading" a copy of the operative document. The failure to set forth the conditions precedent pursuant to Civ.R. 10(D)(1) in order to put Hazel on notice of the conditions precedent, disqualifies Wells Fargo from being able to take advantage of general pleading permitted by Civ.R. 9(C), and accordingly, Hazel cannot be required to answer with specificity. The trial court was correct in the first instance in *Hazel* to have overruled Wells Fargo's objections.

### 5. Analogous Case Law of this and Other Districts

{¶ 37} I recognize that other cases outside the Tenth District Court of Appeals have considered Civ.R. 9(C) and have reached analyses on these matters differently. However, not one of these cases has considered the historical origins and uses of Civ.R. 9(C) in the contexts of Civ.R. 8(A) and 10(D). I, therefore, respectfully disagree with cases from other districts, which would apply Civ.R. 9(C) under these facts or similar facts in the mortgage foreclosure litigation context. *See, e.g., Wells Fargo Bank, N.A. v. Goebel*, 2d Dist. No. 25745, 2014-Ohio-472, ¶ 17-27; *Citimortgage, Inc. v. Cathcart*, 5th Dist. No. 2013CA00179, 2014-Ohio-620, ¶ 19-22.

---

[3] It is clear that Civ.R. 10(D)(1) requires copies of the notes and mortgages secured by them to be attached to complaints in foreclosure. *Beneficial Mtge. of Ohio v. Jacobs*, 2d Dist. No. 01CA0080, 2002-Ohio-3162, ¶ 10.

{¶ 38} I would also reject interpretations of cases from this district which might suggest that Civ.R. 9(C) applies in the mortgage foreclosure litigation context to conditions not disclosed in the plain terms of contracts and mortgages between parties as attached to complaints in accordance with Civ.R. 10. *See Hazel*; *GMAC Mtge. of Pennsylvania v. Gray*, 10th Dist. No. 91AP-650 (Dec. 10, 1991).

{¶ 39} Finally, despite the fact that I would sustain the second assignment of error which refers to the failure of conditions precedent as an affirmative defense, I would expressly reject the notion that non-compliance with conditions precedent is an affirmative defense. *See, e.g., Goebel* at ¶ 17; *Gray*. First, this district has, since releasing the unpublished decision in *Gray*, released *Richards*, which expressly states that conditions precedent are directly tied to the merits of the plaintiff's cause of action; not an affirmative defense to be raised by the defendant. *Richards* at ¶ 20. Second, the federal regulations at issue place the burden of satisfying the regulatory conditions prior to foreclosure on the mortgagee, not the homeowner. 24 C.F.R. 201.50(a) ("The lender shall undertake foreclosure or repossession of the property securing a Title I loan that is in default *only after* the lender has serviced the loan in a timely manner and with diligence in accordance with the requirements of this part, and has taken all reasonable and prudent measures to induce the borrower to bring the loan account current.") (Emphasis added.); *see also* 24 C.F.R. 203.500 ("It is the intent of the Department [of Housing and Urban Development] that no mortgagee shall commence foreclosure or acquire title to a property until the requirements of this subpart have been followed."); 24 C.F.R. 203.606(a) ("Before initiating foreclosure, the mortgagee must ensure that all servicing requirements of this subpart have been met."). Moreover, the burden to prove an affirmative defense is on the defendant asserting it. *See, e.g., Roman v. Estate of Gobbo*, 99 Ohio St.3d 260, 2003-Ohio-3655, ¶ 20. If the failure to satisfy conditions precedent were considered an affirmative defense, the foreclosing entity would no longer be required to prove compliance with the conditions precedent to the contract it seeks to enforce. Rather the burden would be on the defendant to disprove the plaintiff's case. This is not the law.

## 6. Whether *Hazel* is Law of the Case

{¶ 40} In *Hazel,* this court required the trial court "to consider [Wells Fargo's] objections and to determine whether [Hazel] complied with Civ.R. 9(C)." *Id.* at ¶ 15. Under normal circumstances, *Hazel* would be law of the case on the issues decided therein. "The law-of-the-case doctrine provides that the ' "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." ' " *State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, ¶ 27, quoting *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404 (1996), quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). However, the Supreme Court of Ohio has recognized that: " 'The [law of the case] doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results.' " *Hubbard* at 404, quoting *Nolan* at 3. In addition, this court has recognized an exception in that " ' "[a]n Appellate Court may choose to re-examine the law of the case it has itself previously created, if that is the only means to avoid injustice." ' " (Emphasis omitted.) *State v. Monroe*, 10th Dist. No. 13AP-598, 2015-Ohio-844, ¶ 30, quoting *Koss v. Kroger Co.*, 10th Dist. No. 07AP-450, 2008-Ohio-2696, ¶ 19, quoting *Pavlides v. Niles Gun Show, Inc.*, 112 Ohio App.3d 609 (5th Dist.1996).

{¶ 41} With due respect to the prior panel and to the majority, *Hazel* creates an untenable scenario: the continued application of this court's earlier decision will allow entities seeking foreclosure to aver generally under Civ.R. 9(C) the performance or occurrence of unnamed and unspecified conditions precedent (possibly whether or not the conditions precedent were actually performed), and yet serve no notice as to just what those conditions or occurrences are. The effect of this is to unfairly shift the burden to defendants to plead with specificity and particularity that certain matters have not been performed or occurred without notice of what the conditions are or a discovery period in which to find out before being forced to plead. Under *Hazel*, if defendants fail to specifically plead, they are deemed to have admitted that all conditions precedent have occurred and risk an early adverse judgment, but if they plead without ascertaining the specifics in order to avoid adverse judgment, they or their counsel could face the potential sanctions of Civ.R. 11. The law does not contemplate an absurd result, and I would not

countenance one, even if it means re-examining a recent decision. *State ex rel. Barley v. Ohio Dept. of Job & Family Servs.*, 132 Ohio St.3d 505, 2012-Ohio-3329, ¶ 25 ("courts construe statutes and rules to avoid unreasonable or absurd results").

{¶ 42} While I would agree that the trial court was compelled to follow this court's instructions in *Hazel* to determine "whether Hazel complied with Civ.R. 9(C)," I would conclude that, in light of history and related Civ.R. 8(A) and 10(D)(1), our instruction was misdirected. Our instruction implied that Civ.R. 9(C) was applicable in the case and that Wells Fargo had alleged conditions precedent sufficiently. Upon further examination, I would find that our instruction to the trial court in *Hazel* has resulted in a misapplication of both Civ.R. 9(C) and of our earlier holding in *Richards*. As the case stands, Wells Fargo may not have satisfied conditions precedent, but Hazel, having no idea what the conditions were at the time she answered the complaint, failed to specifically and particularly set forth and deny the conditions precedent and, thus, has been deemed to have admitted them. Both as precedent and as applied in this case, *Hazel*, operates to obscure the truth by allowing easy termination of cases, even when conditions precedent are not apparent in any written document attached to the complaint, and long before discovery would permit an accurate and effective defense. In my view, allowing *Hazel* to stand would cause injustice throughout foreclosure actions in this jurisdiction, and that conclusion would compel my refusal to apply the law of the case doctrine at this juncture. Again, with respect to the prior panel and the majority, having reflected further on the justifications for and consequences of *Hazel*, I would overrule this court's prior decision in *Hazel*.

{¶ 43} I would sustain Hazel's second assignment of error–she has not waived the opportunity to argue that Wells Fargo failed to comply with conditions precedent.

### B. First Assignment of Error–Whether the Trial Court Lacks Jurisdiction in a Foreclosure Action when Conditions Precedent Have Not Been Satisfied

{¶ 44} Because I would sustain Hazel's second assignment of error and reverse and remand, I would hold that consideration of Hazel's first assignment of error is moot.

## IV. CONCLUSION

{¶ 45} In short, I would overrule this court's prior decision in *Hazel*, sustain Hazel's second assignment of error for the reasons stated above and thereby render

Hazel's first assignment of error moot. I would reverse the decision of the Franklin County Court of Common Pleas and overrule *Hazel*.  I would remand the case to the trial court where the trial court would be free to reinstate the decision appealed in *Hazel* and/or to proceed otherwise consistently with this opinion.

_____