OPINION
{¶ 1} Appellant, Larry Mallory, appeals from the February 17, 2005 judgment entry of the Trumbull County Court of Common Pleas, Probate Division, denying his motion for relief from judgment.
 {¶ 2} Arnita Mallory ("the decedent") died on May 21, 2002, leaving a will dated June 11, 2001, which was applied to probate on July 12, 2002.[1] Specifically, the will provided the following: that the decedent's father, Ralph Mallory, and Mallory-Smith share equally in real estate located at 9902 Hoover Woods Road, Galina, Delaware County, Ohio; that Starr Mallory and Julius Mallory receive the sum of $2,000 each; and that the remainder of her property be divided equally in one-fifth shares among Ralph Mallory, Mallory-Smith, her sister, Sandra Patterson ("Patterson"), and her brothers, Randall Mallory and appellant.
 {¶ 3} On July 12, 2002, all of the decedent's next of kin, including appellant, signed a "Waiver Of Notice To Probate Of Will," which specified that any action to contest the validity of the will must be filed no more than four months after the certificate is filed. The "Entry Admitting Will To Probate" was filed on July 19, 2002. On January 24, 2003, the "Certificate Of Service Of Notice Of Probate Of Will" was filed.
 {¶ 4} On June 7, 2004, Mallory-Smith was found guilty of contempt and removed as fiduciary. On June 9, 2004, appellee, Randil J. Rudloff ("Rudloff") was appointed as Successor Administrator W.W.A.
 {¶ 5} On December 20, 2004, appellant filed a notice in which he requested a conference hearing. A conference hearing was scheduled for February 22, 2005. Prior to the hearing, on February 10, 2005, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B).[2] On February 16, 2005, Rudloff filed a "Memorandum Contra Motion For Relief From Judgment."
 {¶ 6} Pursuant to its February 17, 2005 judgment entry, the trial court denied appellant's motion for relief from judgment. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:[3]
 {¶ 7} "The trial court erred to the prejudice of [a]ppellant in denying [h]is [m]otion [f]or [r]elief [f]rom [j]udgment[.]"
 {¶ 8} In his sole assignment of error, appellant argues that the trial court erred by denying his motion for relief from judgment. Appellant stresses that the trial court lacked jurisdiction to admit the last will and testament of the decedent to probate.
 {¶ 9} The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} Civ.R. 60(B) provides:
 {¶ 11} "* * * the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 12} In GTE Automatic Elec., Inc. v. ARC Indus., Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held: "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 13} R.C. 2107.11(A) provides that a will shall be admitted to probate "[i]n the county in which the testator was domiciled if, at the time of his death, he was domiciled in this state[.]"
 {¶ 14} R.C. 2107.12 states in part: "[w]hen a will is presented for probate * * * persons interested in its outcome may contest the jurisdiction of the court to entertain the application. * * *"
 {¶ 15} This court stated in In re Adams v. Stough (Mar. 9, 1984), 11th Dist. No. 92-91, 1984 Ohio App. LEXIS 9686, at 3-4:
 {¶ 16} "[d]omicile is defined in 36 Ohio Jur. 3d, section 2, as: `The domicile of a person is the place where he has his true, fixed, permanent home and principal establishment. It is the place to which he intends to return whenever he is absent, and from which he has no present intent to move.'
 {¶ 17} "With respect to the declaration of domicile contained in [a] will, the Supreme Court stated in Wilberding v. Miller
(1914), 90 Ohio St. 28, that: `A declaration in a will as to the maker's domicile is not regarded as conclusive. But if there has been no change in the situation of the testator with reference to that matter between the time the will was executed, and his death, such as to show that he really intended to establish his residence or habitation elsewhere, such declaration is evidence of high character and will establish the domicile in the absence of more convincing proof to the contrary.'"
 {¶ 18} In the case at bar, the record reflects that the will was executed on June 11, 2001. On May 21, 2002, the decedent expired. Again, the first paragraph of the will indicates that the decedent was "presently residing" in Delaware County. However, residence is not synonymous with domicile, as domicile requires both residence and intent. See In re Quick, 5th Dist. No. 04 CA 10, 2004-Ohio-4434, at ¶ 23. Pursuant to R.C.2107.11(A), it is not the decedent's residence which is important, but the decedent's domicile at the time of her death. In the application to probate the will, the decedent's domicile was listed as Trumbull County. The decedent's funeral was held in, and her final place of interment is, Trumbull County. All of the decedent's next of kin, including appellant, received copies of the application to probate the will in Trumbull County and signed waivers agreeing that the facts set forth in the application were true, accurate, and correct. The jurisdiction to probate the will was not contested pursuant to R.C. 2107.12. There was no evidence submitted to reflect that between the time of the execution of the will and the death that there was any intention on behalf of the decedent to change her domicile. SeeIn re Adams, supra, at 4.
 {¶ 19} The Trumbull County Probate Court had jurisdiction to determine its own jurisdiction to consider the decedent's domicile. See State ex rel. Lee v. Trumbull Cty. Probate Court
(1998), 83 Ohio St.3d 369, 372. Here, appellant did not specify the particular subsection under which relief was sought nor did he timely file affidavits in support of his motion for relief from judgment. See East Ohio Gas Co. v. Walker (1978),59 Ohio App.2d 216, 220; Ruper v. Smith (1983), 12 Ohio App.3d 44, 46;Thom's, Inc. v. Rezzano (Feb. 5, 1987), 8th Dist. No. 52825, 1987 Ohio App. LEXIS 7189, at 4. {¶ 20} Upon our review of the affidavits, which were filed two and a half years after the application to probate the will was filed, and eight days after appellant's Civ.R. 60(B) motion, three of the decedent's next of kin, Ralph Mallory, Patterson, and appellant, alleged that the decedent's domicile was Delaware County, and that she lived in the Hoover Woods Road custom built home. However, we note that the affidavit of Washington, an individual not listed in the will, indicated that the decedent's residence was Delaware County and made no mention regarding domicile.
 {¶ 21} In addition, "[a] person filing a motion for relief from judgment under [Civ.R.] 60(B) is not automatically entitled to * * * a hearing on the motion." Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 103. Here, appellant failed to submit material containing operative facts with his Civ.R. 60(B) motion. Thus, the failure to hold a hearing before denying appellant's Civ.R. 60(B) motion did not constitute an abuse of discretion. Id. at 102-103; Rezzano, supra, at 4-5.
 {¶ 22} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.
Diane V. Grendell, J., Cynthia Westcott Rice, J., concur.
[1] In her "Application To Probate Will," the decedent's sister and executrix, Lynette Mallory-Smith ("Mallory-Smith"), listed the decedent's domicile as 2416 Stephens Avenue, N.W., Warren, Trumbull County, Ohio, 44485. Mallory-Smith listed her own address as 9902 Hoover Woods Road, Galena, Delaware County, Ohio, 43021. According to the will, it indicates in the first paragraph that the decedent was "presently residing" at 9902 Hoover Woods Road, Galena, Delaware County, Ohio. The decedent's certificate of death lists 2416 Stephens Street, Warren, Trumbull County, Ohio, 44485 as her residence.
[2] In his motion, appellant argued that the Trumbull County Probate Court lacked jurisdiction to admit the decedent's will because prior to her death, she was domiciled in Delaware County, Ohio. In addition, appellant stated that affidavits of the decedent's next of kin as well as from the decedent's medical care provider, Blanch Washington ("Washington"), would establish that she was domiciled in Delaware County, Ohio when she died. He indicated that the affidavits would be filed before the February 22, 2005 hearing. The affidavits of Ralph Mallory, Patterson, appellant, and Washington were filed on February 18, 2005. Also, on February 18, 2005, the decedent's next of kin filed a "Waiver Of Notice And Consent To Hearing."
[3] The parties did not file an App.R. 9(C) or (D) statement. Pursuant to their briefs, the decedent was injured in a motor vehicle accident in 1989, which resulted in her being a quadriplegic. According to appellant's brief, the decedent filed suit and settled her claims for a substantial monetary sum. Appellant's brief also indicates that in 1993, the decedent purchased a plot of land located at 9902 Hoover Woods Road in Galena, Delaware County, Ohio, 43021, where she had a custom home built to accommodate her physical condition.