OPINION
{¶ 1} Appellant, Richard L. Barclay, appeals from three judgments of the Franklin County Municipal Court: (1) a judgment dated April 28, 2006 denying appellant's "motion to vacate order for examination of judgment debtor" and "motion to stay enforcement of judgment"; (2) a judgment dated April 28, 2006 denying appellant's "motion for relief from judgment"; and (3) a judgment dated May 10, 2006 denying appellant's motion to vacate the April 28, 2006 judgments, to reconsider defendant's motion to stay enforcement of judgment pursuant to Civ.R. 62(A), and to reconsider appellant's motion for relief from *Page 2 
judgment pursuant to Civ.R. 60(B)(4) and (5). Because the trial court erred when it denied appellant's motion for relief from judgment without a hearing, we reverse.
 {¶ 2} On June 2, 2004, appellee filed a complaint against appellant in the Franklin County Municipal Court for breach of an alleged oral contract to repay a $10,000 loan. Appellant was served with the complaint, appellee's first set of interrogatories, request for admissions, and request for production of documents. When appellant failed to file a responsive pleading, appellee moved for default judgment. The trial court entered a default judgment against appellant on July 19, 2004 in the sum of $10,000 plus interest of ten percent. On July 22, 2004, appellant filed a motion for leave to file an answer instanter, which the trial court denied. Appellant did not appeal the default judgment.
 {¶ 3} During the pendency of this municipal court action, there was also pending in the Franklin County Court of Common Pleas, a suit brought by appellee against appellant for the alleged beach of a written contract to repay a $10,000 loan. It is undisputed that on December 6, 2004, appellant paid appellee $13,500 to resolve that case. However, the parties dispute whether the resolution of the common pleas court case also resolved the pending municipal court action. Appellant contends the loan that was the subject of the common pleas court case is the same loan that is the subject of the municipal court case now on appeal. Therefore, appellant contends that when he repaid the loan, interest and attorney's fees pursuant to the resolution reached in the common pleas court action, that payment also satisfied the claims asserted in the municipal court action. Appellee asserts that there were two $10,000 loans, one based on an oral agreement (the municipal court action) and one based on a written agreement (the *Page 3 
common pleas court action). Therefore, appellee contends that appellant's satisfaction of the judgment in the common pleas court action did not satisfy the judgment at issue here.
 {¶ 4} Appellee took no action against appellant to enforce its judgment in the municipal court action until March 2006, when it served appellant with a notice of judgment debtor exam. Shortly thereafter, appellant filed a motion for relief from judgment, motion to vacate order for judgment debtor exam, and motion to stay enforcement of the judgment. Appellant argued that he satisfied this judgment when he settled the common pleas court action. The trial court denied these motions without a hearing in two judgment entries dated April 28, 2006. The trial court did not identify the basis for its decision to deny these motions. Appellant then filed several additional motions that, in essence, requested the trial court to reconsider its April 28, 2006 judgment entries. The trial court denied these motions in a judgment dated May 10, 2006.
 {¶ 5} Appellant appeals the two judgments dated April 28, 2006 as well as the May 10, 2006 judgment, assigning the following errors:
 [1] IT WAS AN ABUSE OF DISCRETION BY THE TRIAL COURT AND REVERSIBLE ERROR WHICH PREJUDICED DEFENDANT-APPELLANT TO DENY DEFENDANT-APPELLANT'S "MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIV. R. 60(B)(4) AND (5)."
 [2] IT WAS AN ABUSE OF DISCRETION AND PLAIN ERROR BY THE TRIAL COURT WHICH PREJUDICED DEFENDANT-APPELLANT TO DENY DEFENDANT-APPELLANT'S "MOTION TO VACATE `ORDER FOR EXAMINATION OF JUDGMENT DEBTOR' AND MOTION TO STAY ENFORCEMENT OF JUDGMENT PURSUANT TO CIV. R. 62(A)."
 [3] THE TRIAL COURT ACTED CONTRARY TO LAW, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, *Page 4 
AND PREJUDICED DEFENDANT-APPELLANT WHEN IT DENIED DEFENDANT-APPELLANT AN EVDIENTIARY HEARING UNDER CIV. R. 60(B) AFTER DEFENDANT-APPELLANT DEMONSTRATED GROUNDS FOR RELIEF FROM THE COURT'S ENTRY GRANTING DEFAULT JUDGMENT, DATED JULY 19, 2004.
 {¶ 6} Because it is dispositive of this appeal, we first address appellant's third assignment of error. In his third assignment of error, appellant contends the trial court erred by denying his Civ.R. 60(B) motion without holding an evidentiary hearing. We note that a trial court is not automatically required to hold an evidentiary hearing when deciding a Civ.R. 60(B) motion. In re Estate of Mallory, Trumbull App. No. 2005-T-0028, 2006-Ohio-1265, at ¶ 21; Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 103. However, a trial court abuses its discretion by failing to hold an evidentiary hearing on a Civ.R. 60(B) motion when the movant sets forth with sufficient specificity facts, which if true, would justify relief from judgment. Your Financial Community of Ohio,Inc. v. Emerick (1997), 123 Ohio App.3d 601, 608; Reaper v. PlazaProperties, Inc. (May 12, 1994), Franklin App. No. 93APE09-1222 ("This court has long recognized that, if the movant alleges operative facts which, if true, would warrant setting aside the judgment, then it is an abuse of discretion to overrule the motion for relief from judgment without a hearing and without first making a factual determination of the alleged grounds from relief").
 {¶ 7} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test. The movant must establish that: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *Page 2 GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. A movant is not entitled to relief if any one of the GTE requirements is not met. Strack v. Pelton (1994),70 Ohio St.3d 172, 174. "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. The phrase "abuse of discretion" connotes more than error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State ex rel. Edwards v. Toledo CitySchool Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107; Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} The essence of appellant's argument is that the default judgment should be vacated because he satisfied the judgment when he resolved the common pleas court action. In support of his argument, appellant presented evidence demonstrating he paid appellee $13,500 in satisfaction of the common pleas court judgment. Appellant contends he received only one $10,000 loan from appellee and that both the common pleas court action and the municipal court action sought recovery for the same debt. Assuming that the judgments in the common pleas court case and the municipal court case relate to the same $10,000 debt as alleged by appellant, his satisfaction of the judgment in the common pleas court action would be a meritorious defense to the judgment at issue here. Civ.R. 60(B)(4) specifically provides that a court may relieve a party from a final judgment if "the judgment has been satisfied, released or discharged, * * * or it is no longer equitable that the judgment should have prospective application." *Page 11 
Therefore, appellant has alleged operative facts which, if true, would satisfy the first two prongs of the GTE test.
 {¶ 9} Appellee argues that because appellant failed to respond to appellee's request for admissions, appellant admitted he has not repaid the subject loan. Appellee contends that this admitted fact is conclusively established unless the court on motion permits withdraw or amendment of the admission. Civ.R. 36(B). Therefore, appellee argues that appellant has no meritorious defense if relief were granted. We find appellee's argument unpersuasive.
 {¶ 10} Relief under Civ.R. 60(B)(4) must be predicated on events occurring subsequent to the entry of judgment. Old Phoenix Natl. Bank v.Sandler (1984), 14 Ohio App.3d 12; McCormac, Ohio Civil Rules Practice § 13.35, at 392. Here, the municipal court entered default judgment against appellant on July 19, 2004. It is undisputed that on December 6, 2004, appellant paid appellee $13,500 to satisfy the judgment in the common pleas court case. If both judgments related to the same debt as appellant alleges, appellant's payment should have satisfied both judgments. Because Civ.R. 60(B)(4) contemplates relief from judgment based upon events occurring subsequent to the entry of judgment, appellant's prior admission that the debt was outstanding is irrelevant and does not bar relief under Civ.R. 60(B)(4).[1]
 {¶ 11} The last prong of the GTE test requires that a party seeking relief under Civ.R. 60(B)(4) file the motion within a reasonable time. Appellee contends appellant *Page 11 
failed to seek relief from judgment within a reasonable time because he waited 20 months before filing his motion. We disagree.
 {¶ 12} Although appellant filed his Civ.R. 60(B) motion 20 months after the trial court entered the default judgment, he filed the motion shortly after appellee served him with a notice of judgment debtor exam. That notice was the first indication that appellee did not consider appellant's $13,500 payment as satisfying the municipal court judgment. Because appellant would have had no reason to seek Civ.R. 60(B) relief if he believed he had satisfied the judgment at issue, and because appellant acted promptly once he became aware that appellee did not consider the municipal court judgment satisfied, we find that appellant filed his motion within a reasonable time.
 {¶ 13} Because appellant alleged operative facts which, if true, would warrant setting aside the judgment, the trial court abused its discretion when it overruled appellant's Civ.R. 60(B)(4) motion without a hearing. Therefore, we sustain appellant's third assignment of error.
 {¶ 14} In his second assignment of error, appellant contends the trial court erred by denying his motion to vacate order for examination of judgment debtor and motion to stay enforcement of judgment pursuant to Civ.R. 62(A). We agree. Because the trial court abused its discretion in denying appellant's motion for relief from judgment without a hearing, the trial court also erred when it denied appellant's motion to stay enforcement of judgment. On remand, the trial court can address any issues associated with enforcement of the judgment pending the outcome of the hearing on appellant's Civ.R. 60(B) motion. Therefore, we sustain appellant's second assignment of error. *Page 8 
 {¶ 15} In his first assignment of error, appellant contends the trial court erred by denying his motion for relief from judgment. Because we reverse and remand this action to the trial court to conduct a hearing on appellant's motion, we overrule this assignment of error as moot.
 {¶ 16} In conclusion, we sustain appellant's second and third assignments of error and overrule appellant's first assignment of error as moot. We reverse the judgments of the Franklin County Municipal Court and remand this case for further proceedings consistent with this opinion.
Judgments reversed and case remanded.
BRYANT and PETREE, JJ., concur.
[1] Although appellant also relies on the catch-all provision in Civ.R. 60(B)(5), that provision is inapplicable given that appellant's argument rests squarely on Civ.R. 60(B)(4). Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus; In reWeller, Franklin App. No. 05AP-678, 2006-Ohio-3015, at ¶ 20 (Civ.R. 60[B][5] is inapplicable when a more specific provision of Civ.R. 60[B] applies). *Page 1