[Cite as *Mun. Tax Invest., L.L.C. v. Northup Reinhardt Corp.*, 2019-Ohio-4867.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Municipal Tax Investment LLC, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-26 |
| v. | : | (C.P.C. No. 14CV-12635) |
| Northup Reinhardt Corporation et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on November 26, 2019

**On brief:** *David T. Brady*, *Austin B. Barnes*, *III*, and *Brian S. Gozelanczyk*, for appellant. **Argued:** *Brian S. Gozelanczyk*.

**On brief:** *Sandor W. Sternberg*, for appellee Northup Reinhardt Corporation. **Argued:** *Sandor W. Sternberg*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, Municipal Tax Investment LLC, appeals the October 3, 2018 judgment of the Franklin County Court of Common Pleas denying appellant's motion to vacate a confirmation of sale and sheriff's sale following a tax lien foreclosure of real property. For the following reasons, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In November 2013, appellant purchased two tax certificates from the Franklin County Treasurer associated with real property located on Borror Road in Grove City, Ohio. On December 3, 2014, pursuant to R.C. Chapter 5721, appellant filed a complaint in the Franklin County Court of Common Pleas to commence a tax lien foreclosure action on the Borror Road property.

{¶ 3} On March 20, 2015, the trial court entered a decree of foreclosure, finding appellant was entitled to foreclosure of its lien interests pursuant to R.C. 5721.37. Within the decree, the trial court ordered: the action to proceed according to R.C. 5721.30, et seq.; that liens (except with respect to the United States within a certain time period) and equity of redemption be foreclosed unless, prior to the confirmation of sale, sums due to appellant are tendered to the county treasurer; and that "an order of sale shall issue to the Sheriff directing him, without appraisal, to advertise and separately sell said parcel at public sale in the manner provided by law for the sale of real property on execution and according to R.C. §5721.39, for not less than the sum specified" in the decree. (Mar. 20, 2015 Decree of Foreclosure at 4.) Furthermore, under the decree, the sheriff was directed to issue a deed in accordance with law on the sale of the property and confirmation of sale or, if "the property remains twice unsold for want of bidders," the sheriff was to certify this fact on the record and forfeit the property to the certificate holder. (Mar. 20, 2015 Decree of Foreclosure at 4.) The decree additionally ordered appellant, if the property was sold, to prepare and submit to the trial court an entry of confirmation of sale and order of distribution specifying how the proceeds from sale are to be applied. A legal description of the property is attached as an exhibit to the decree.

{¶ 4} A praecipe to issue an order of sale for the minimum balance of $23,663.52 was filed in January 2017 and an order of sale issued that same month. A "sheriff's return of order of sale" appears in the record on June 16, 2017, with a note stating "WITHDRAWN SPOKE TO SHANNON ON 1/19/17 WILL CHECK INTO THIS THE LEGAL DESCRIPTION IS IN PART OF PICKAWAY CO AND FRANKLIN CO. ENGINEER'S OFFICE WILL NOT APPROVE THE LEGAL. SKD (EMAILED BY SM ON 030617, 041917, AND 051617 - DUE DATE FOR APPROVED, CORRECTED LEGAL IS 061517. IF NOT RECEIVED, WILL BE RETURNED TO THE CLERKS)." (Emphasis sic.) (June 16, 2017 Sheriff's Return at 1.)

{¶ 5} A second praecipe to issue order of sale for the minimum balance of $29,867.28 was filed on October 19, 2017. Attached to the praecipe is a legal description of the property with a Franklin County Engineer stamp dated June 20, 2017, stating "description verified." (Oct. 19, 2017 Praecipe, Ex. A at 1.) On October 20, 2017, an order of sale was issued to the sheriff, and proof of publication of the sale and the notice of sheriff

sale appear in the record in November 2017. A second "sheriff's return of order of sale" was filed on December 8, 2017, stating the property was sold at a public sale to a third party, Jon O. Knitter, for $125,000. (Dec. 8, 2017 Sheriff's Return at 1.)

{¶ 6} A confirmation of sale, prepared by appellant, was approved and filed by the trial court on December 28, 2017. The confirmation of sale states the sheriff's sale of the property is confirmed and, on filing of the entry of confirmation of sale, title to the property "shall be incontestable in the Purchaser and free and clear of all liens and encumbrances" except for the state's liens for delinquent real estate taxes, federal tax liens, and the easements and covenants of record running with the land in existence prior to the delinquent taxes which led to the tax lien foreclosure became due. (Dec. 28, 2017 Confirmation of Sale at 2.) The confirmation of sale provides the title "shall not be invalid because of any irregularity, informality, or omission of any proceedings under Chapter 5721 * * * provided such irregularity, informality, or omission did not abrogate the provision for notice to the holder(s) of title, lien, or mortgage to, or other interests in, the Certificate Parcel, as prescribed in said chapter." (Dec. 28, 2017 Confirmation of Sale at 3.)

{¶ 7} The confirmation of sale further ordered the property to be released from the tax liens held by appellant and a mortgage held by defendant-appellee Northup Rinehardt Corporation ("Northup") and ordered the proceeds of sale distributed as follows: $571.00 payable to the clerk of court; $27,095.87 to the Franklin County Treasurer for tax certificates; $1,875.00 to the county sheriff; and the remaining balance of $95,458.13 held by the clerk of courts until further order of the court. Northup filed a motion for supplemental order of distribution of sheriff's sale proceeds on February 2, 2018. By an agreed order dated February 12, 2018, the trial court granted Northup's motion for a supplemental order of distribution and ordered the clerk of court to disburse the balance of the sheriff sale proceeds to Northup.

{¶ 8} On August 15, 2018, appellant filed a "motion to vacate confirmation entry, sheriff's sale, and to return purchaser's purchase price." (Aug. 15, 2018 Mot. at 1.) Within it, appellant first contended that it "has a meritorious claim as due to the Franklin County Engineers [sic] change in position, [appellant] is now being required to expend resources to which it will not receive compensation." (Aug. 15, 2018 Mot. at 4.) Next, according to appellant, Civ.R. 60(B)(4) applies because appellant "had the legal description they used

throughout the foreclosure approved for transfer prior to ordering the sale to take place. [Appellant] could not have foreseen that the Engineer would change its position. The act of having the legal approved prior to sale should have prevented the circumstances that now exist, where due to an issue with the legal description the Purchaser cannot be vested in the property." (Aug. 15, 2018 Mot. at 5.) Thus, "[d]ue to the unforeseen requirement imposed by the Engineer it is no longer equitable to allow the confirmation entry or the sale to stand." (Aug. 15, 2018 Mot. at 5.) Regarding the timeliness of the motion to vacate, appellant stated "[b]ased on all of the circumstances surrounding this matter, the Court should determine that this Motion is timely made." (Aug. 15, 2018 Mot. at 6.) In response, Northup filed a combined objection to and motion to dismiss and/or strike appellant's motion to vacate.

{¶ 9} On October 3, 2018, the trial court denied appellant's motion and ordered appellant pay for the survey of the property in order for the property to be deeded to the purchaser. The trial court reasoned that because distributions have already been made, including over $95,000 to Northup, it would be "unfair for the Court to ask [Northup] to return this significant sum of money because [appellant] did not do its proper due diligence and does not want to pay for it now." (Oct. 3, 2018 Decision at 2.)

{¶ 10} Appellant filed a timely appeal.

## II. ASSIGNMENT OF ERROR

{¶ 11} Appellant assigns the following as trial court error:

> The trial court erred in denying the Motion to Vacate.

## III. STANDARD OF REVIEW

{¶ 12} "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). " 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

## IV. LEGAL ANALYSIS

{¶ 13} In his assignment of error, appellant contends the trial court erred in denying his Civ.R. 60(B) motion to vacate. For the following reasons, we find the trial court did not abuse its discretion.

{¶ 14} To prevail under Civ.R. 60(B) generally, the movant must show that: (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *Kenison v. Kenison*, 10th Dist. No. 13AP-507, 2014-Ohio-315, ¶ 10, citing *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "The requirements for Civ.R. 60(B) relief are listed in the conjunctive; if any one is not met, the motion must be denied." *GMAC Mtge. v. Lee*, 10th Dist. No. 11AP-796, 2012-Ohio-1157, ¶ 23.

{¶ 15} The first prong of GTE "requires the movant to initially allege operative facts, which would support a defense to the judgment." *Lewis v. Connors*, 10th Dist. No. 02AP-607, 2003-Ohio-632, ¶ 11. "In a motion for relief from judgment, the moving party is not compelled to prevail upon an asserted claim or defense, which has not yet been litigated. The movant is only obliged to allege a claim or defense, which has potential merit." *Id.*, citing *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 67 (1985). "Furthermore, this standard does not impute an evidentiary burden upon the moving party beyond the requirement that the material submitted set forth the operative facts of the claim or defense." *Moore* at ¶ 11.

{¶ 16} Appellant argues it evidenced a meritorious defense since the Franklin County Engineer's Office changed its position from approving the sheriff's deed transferring title to the purchaser to requiring appellant pay for a new survey of the subject property before issuing the deed. According to appellant, it would be improper for appellant to pay this bill under R.C. 5721.38 and 5721.39, which state any sale of property must be sufficient to account for, in pertinent part, costs and fees from legal proceedings allocable to the certificate parcel.

{¶ 17} As a preliminary issue, appellant did not raise R.C. 5721.38 and 5721.39 to the trial court in its motion to vacate. It is improper for an appellant to present new arguments for the first time on appeal. *Quaye v. N. Mkt. Dev. Auth.*, 10th Dist. No. 15AP-

1102, 2017-Ohio-7412, ¶ 28-29; *Tucker v. Leadership Academy for Math*, 10th Dist. No. 14AP-100, 2014-Ohio-3307, ¶ 20; *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 18.

{¶ 18} In any event, even if this argument was preserved for appeal, appellant's argument does not evidence a meritorious defense to the confirmation of sale and sheriff's sale. Appellant is correct in asserting, under R.C. 5721.39(A)(5), the sale of the subject property must be sufficient to account for "fees and costs incurred in the foreclosure proceeding instituted against the parcel." R.C. 5721.39(A)(5) through (B) (addressing order of sale for not less than finding stated in judgment of foreclosure). *See also* R.C. 5721.39(D)(1) (addressing application of proceeds of sale on confirmation of sale to include fees and costs incurred in the proceeding).

{¶ 19} However, contrary to appellant's position, R.C. 5721.39 favors finality of the sale and resolution of post-sale issues through mechanisms other than vacating the sale. For example, R.C. 5721.39(E) states, generally, "upon the filing of the entry of confirmation of sale, * * * the title to the parcel is incontestable in the purchaser and is free and clear of all liens and encumbrances." R.C. 5721.39(E). "The title shall not be invalid because of any irregularity, informality, or omission of any proceedings under this chapter or in any processes of taxation, if such irregularity, informality, or omission does not abrogate the provision for notice to holders of title, lien, or mortgage to, or other interests in, such foreclosed parcels, as prescribed in this chapter." R.C. 5721.39(E).

{¶ 20} In this case, the sale was confirmed and the alleged irregularity involved here, the added cost of obtaining a new survey, does not affect the notice provisions in R.C. Chapter 5721. Therefore, under R.C. 5721.39, title to the parcel is incontestable and cannot be invalidated. Appellant has not otherwise demonstrated that the engineer's office alleged change of position regarding the new survey must be resolved by vacating the confirmation of sale and the sale itself, as appellant sought in his motion to the trial court. Therefore, even had appellant preserved this argument, we find appellant did not allege, under the first prong of *GTE*, "operative facts, which would support a defense to [the confirmation of sale]." *Lewis* at ¶ 11.

{¶ 21} Regarding the second prong of *GTE*, which requires the movant to demonstrate entitlement to relief under one of the grounds stated in Civ.R. 60(B), appellant

contends it was entitled to relief under Civ.R. 60(B)(4) on the basis that "it is no longer equitable that the judgment should have prospective application." "The Supreme Court of Ohio has explained that '[t]he "* * * it is no longer equitable * * *" clause of Civ.R. 60(B)(4) was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control.' " *Timmons v. Emch*, 10th Dist. No. 14AP-146, 2014-Ohio-3400, ¶ 13, quoting *Knapp v. Knapp*, 24 Ohio St.3d 141 (1986), paragraph one of the syllabus. *See also Cuyahoga Support Enforcement Agency v. Guthrie*, 84 Ohio St.3d 437, 443 (1999) (stating "Civ.R. 60(B)(4) was not meant to offer a party a means to negate a prior finding that the party could have reasonably prevented").

{¶ 22} "Relief under Civ.R. 60(B)(4) must be predicated on events occurring subsequent to the entry of judgment." *Beam Ray, LLC v. Barclay*, 10th Dist. No. 06AP-507, 2007-Ohio-3215, ¶ 10. Where a movant alleges grounds for relief from judgment under Civ.R. 60(B) but does not set forth any operative facts to assist the trial court in determining whether such grounds exist, the court does not abuse its discretion in denying the motion for relief from judgment. *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 21 (1988).

{¶ 23} Specifically, appellant argues it "was entitled to relief under Civ.R. 60(B)(4) as the Judgment compels Appellant to perform, i.e. provide funds for the survey, in an inequitable matter, i.e. pay costs associated with the tax certificate foreclosure which it would not be able to recoup from the proceeds of the Sheriff's Sale." (Appellant's Brief at 16.)

{¶ 24} As a preliminary note, appellant's argument appears to focus on the inequitable nature of the *trial court's judgment* in that it required appellant to pay for the cost of the survey. Appellant did not assign the trial court's order for appellant to pay for the new survey as error on appeal. "This court rules on assignments of error, not mere arguments." *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b) (stating that "a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs"); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (holding that appellate courts "rule[] on assignments of error only, and will not address mere arguments"). Because in its assignment of error appellant challenged only the validity of the trial court's judgment

denying the motion to vacate the confirmation of sale and sheriff's sale, we will consider that question alone.

{¶ 25} In this case, the confirmation of sale was approved, filed, and applied to carry out distributions. In moving to vacate, appellant basically attempts to unravel the sheriff's sale and agreed distributions made in this case as a means to resolve the conflict with the engineer's (or sheriff's) office over the payment for the survey. As stated in addressing the first *GTE* prong, the Ohio Revised Code favors preserving the finality of judgment once the confirmation of sale is filed. *See* R.C. 5721.39(E). Furthermore, while appellant contends the engineer's office unfairly changed positions from approving the legal description to requiring a resurvey, it did not apprise the court of those surrounding facts and circumstances; the record is likewise silent as to the resurvey and deed issue altogether, including what occurred to prompt the change and whether appellant had an opportunity to "foresee or control" such circumstances. *Timmons* at ¶ 13, 15; *Rose Chevrolet* at 21. Considering all the above, we cannot say appellant demonstrated the confirmation of sale "is no longer equitable that the judgment should have prospective application." Civ.R. 60(B)(4). As a result, appellant is not entitled to relief from the confirmation of sale under Civ.R. 60(B)(4).

{¶ 26} Under the third prong of *GTE*, a motion for relief from judgment under Civ.R. 60(B)(4) must be made "within a reasonable time." *Kenison*, 2014-Ohio-315, at ¶ 10, citing *GTE*, 47 Ohio St.2d 146, at paragraph two of the syllabus. "Failure to seek relief from judgment for a substantial period of time after the movant is aware of the grounds for relief demonstrates a lack of due diligence." *GMAC Mtge.*, 2012-Ohio-1157, at ¶ 23. *Beam Ray*, 2007-Ohio-3215, at ¶ 12.

{¶ 27} "The movant bears the burden of alleging facts demonstrating the timeliness of the motion." *Chase Manhattan Bank v. Jenkins*, 10th Dist. No. 06AP-1192, 2007-Ohio-3622, ¶ 17. *See Rose Chevrolet* at 21 ("If the movant fails to apprise the court of those surrounding facts and circumstances and the court subsequently overrules the motion, that judgment cannot be characterized as an abuse of discretion. A reviewing court in such a case has no alternative but to presume that the trial court, in overruling appellant's motion, acted within the bounds of its discretionary authority."). In considering whether the motion was filed within a reasonable time, the appellate court may consider the movant's

failure to give an explanation for the delay in bringing the motion. *Lewis*, 2003-Ohio-632, at ¶ 19.

{¶ 28} On appeal, appellant argues it filed its motion to vacate approximately eight months after the issuance of the order, which is "far below the more stringent one year requirement for motions brought under Civ.R. 60(B)(1), (2) and (3)." (Appellant's Brief at 18.) Appellant explains that during those eight months, appellant worked diligently with the sheriff's office to resolve the survey issue without involving the courts, but the parties were unable to resolve the issue. Appellant also suggests the trial court's silence on whether the motion was timely equates to the trial finding in its favor on this issue.

{¶ 29} First, regarding the effect of the trial court's silence, we disagree with appellant that we are to assume the trial court's silence on this issue equates to it finding the motion had been made within a reasonable time. Contrary to appellant's position, where a trial court's judgment entry overruling appellant's Civ.R. 60(B) motion is silent as to whether the motion was filed in a reasonable time, an appellate court may still address the issue and presume the validity of a judgment denying the motion where that holding is supported by the record. *Lewis* at ¶ 19.

{¶ 30} Second, in its motion to the trial court, appellant did not provide the trial court any of the reasons for the delay, such as his effort to resolve the survey cost issue, he now raises. Appellant simply stated to the trial court, "[b]ased on all of the circumstances surrounding this matter, the Court should determine that this Motion is timely made." (Aug. 15, 2018 Mot. at 6.) As a general rule, an appellate court will not consider arguments that were not raised in a court below. *Quarterman*, 2014-Ohio-4034, at ¶ 18; *Gross v. Ohio State Med. Bd.*, 10th Dist. No. 08AP-437, 2008-Ohio-6826.

{¶ 31} Relatedly, in both the motion to the trial court and on appeal, appellant did not provide any indication of when it became aware of the alleged problem of the engineer's refusal to accept the subject legal description and nothing in the record provides insight in this regard. Therefore, without the benefit of the operative facts to assist the trial court in determining whether the motion was filed within a reasonable time, the court did not abuse its discretion in denying the motion for relief from judgment. *Jenkins* at ¶ 17; *Rose Chevrolet*, 36 Ohio St.3d at 21.

{¶ 32} Finally, at oral argument, appellant suggested, for the first time, that the trial court perhaps should have held a hearing on the motion. Ordinarily, an appellate court will not consider arguments raised for the first time at oral argument, particularly when the party had ample opportunity to explore such issues in its brief. *Serra v. Serra*, 10th Dist. No. 15AP-528, 2016-Ohio-950, ¶ 16; App.R. 12(A). Appellant did not ask the trial court for a hearing, and appellant's appellate brief did not raise this issue or provide legal authority in support of holding a hearing but, instead, asserts he was "clearly" entitled to Civ.R. 60(B)(4) relief at this stage. (Appellant's Brief at 16, 17.) We decline to address appellant's alternate argument presented for the first time on appeal at oral argument.

{¶ 33} Considering all the above, we cannot say the trial court's decision was unreasonable, arbitrary, or unconscionable. Therefore, we find appellant has not demonstrated the trial court abused its discretion in denying appellant's motion to vacate the confirmation of sale and sheriff's sale and return the third-party purchaser's payment.

{¶ 34} Accordingly, we overrule appellant's assignment of error.

## V. CONCLUSION

{¶ 35} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and NELSON, JJ., concur.

_____